THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCESCO CARUSO, Appellant.

(Argued October 15, 1928; decided November 20, 1928.)

*Walter H. Pollak, Howard Hilton Spellman, Lewis A. Pinussohn* and *Charles A. Schneider* for appellant. The court erred in imposing an additional penalty under section 1944 of the Penal Law. (*People* v. *Caruso,* 246 N. Y. 437; *People* v. *Kevlon,* 221 App. Div. 224; *People* v. *Barberi,* 149 N. Y. 256.) The refusal of the court to grant a trial on the fundamental question whether the defendant was armed — a fact neither admitted by plea nor permitted to be litigated throughout the progress of this cause — constituted a denial of due process of law as well as of the benefit of the law of the land. (*People* v. *Priest,* 206 N. Y. 274; *Stuart* v. *Palmer,* 74 N. Y. 183; *People* v. *Rosen,* 208 N. Y. 169; *People ex rel. Barone* v. *Fox,* 144 App. Div. 611; 202 N. Y. 616; *People ex rel. Berger* v. *Warden,* 176 App. Div. 602.) The court erred in denying the defendant the privilege of confrontation by adverse witnesses and the right to " appear and defend in person." (*People* v. *Hartnett,* 124 Misc. Rep. 418; *People* v. *Bromwich,* 200 N. Y. 385.)

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for respondent. The sentence to additional punishment under section 1944 of the Penal Law was a lawful sentence. (*People* v. *Cricuoli,* 157 App. Div. 201; *People* v. *Criscuoli,* 164 App. Div. 119.) The appellant was not entitled to an independent trial of the issue whether he was a person who had committed a felony while armed, within the contemplation of section 1944 of the Penal Law. (*People* v. *Walker,* 198 N. Y. 329; *Stemmler* v. *Mayor, etc., of New York,* 179 N. Y. 473; *People* v. *Seidenshner,* 210 N. Y. 341; *Pecue* v. *Collins,* 204 App. Div. 142; *People ex rel. Barone* v. *Fox,* 144 App. Div. 611; 202 N. Y. 616; *People* v. *Dean,* 94 Misc. Rep. 502.)

CRANE, J. Francesco Caruso was indicted for murder in the first degree. His conviction was reversed by this

court. (246 N. Y. 437.) Our opinion stated briefly the facts of the killing. Caruso's child was sick; Dr. Pendola was in attendance; the child died; Caruso killed the doctor. " Caruso attacked him in anger, choked him until he fell to the floor, then went to a closet ten or twelve feet away, took a knife and stabbed him twice in the throat, so killing him."

When the case was called for retrial, Caruso pleaded guilty of manslaughter in the first degree and was sentenced by the county judge to an indeterminate sentence, the minimum to be five years and the maximum to be ten years, and an additional five to ten years under section 1944 of the Penal Law.

The appeal is here on the additional sentence. The defendant says it is illegal for two reasons: *First*, because section 1944 does not apply; *second*, because there must be a jury trial of the facts requiring the increased penalty.

Section 1944 reads:

" Committing felony while armed.

" If any person while in the act of committing a felony, or attempting to commit a felony, shall be armed with a pistol or any of the weapons or instruments specified in sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven or eighteen hundred and ninety-seven-a, the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in state's prison for not less than five nor for more than ten years."

The contention is that the words " shall be armed with a pistol or any of the weapons," etc., means coming to the scene of the crime with the possession of such an instrument of violence intending to use it in the commission of crime; that the words were not meant to include the case where in the heat of passion, a weapon is seized from a nearby closet or table. That is to say, " being armed " implies or expresses the carrying of the weapon with intent to use it. The difficulty with this

interpretation is that the statute speaks of the present not the past — " any person *while in the act of committing a felony, * * * shall be armed.*" This is something more than arming oneself with a weapon and then starting out to commit the felony. It covers such a case as this. Caruso when committing manslaughter was armed with a dangerous knife, an instrument specified in section 1897. Sections 1896, 1897 and 1897-a are only referred to in order to determine the kind of instruments or weapons the person must have to bring him within the provisions of section 1944.

A person who has in his hand a dangerous weapon with which he makes an assault is certainly armed with a dangerous weapon. (Words & Phrases Judicially Defined, vol. 1, p. 496; *State* v. *Lynch*, 88 Me. 195.)

We find the same words used with like meaning in defining " Burglary in the first degree " (Sec. 402) and " Robbery in the first degree " (Sec. 2124).

Having fixed the penalty for burglary and robbery committed when armed with a dangerous weapon, it may be said that the Legislature did not intend to increase the penalty by reason of this element. But that we think is just what the Legislature intended to do. (*People* v. *Paradiso*, 248 N. Y. 123.) Burglary and robbery in the first degree may be committed in four or five different ways, but when committed while being armed with a dangerous weapon, the defendant must receive the additional punishment stated in section 1944. So if in the act of committing any felony the defendant be armed with a dangerous weapon, his punishment is increased. Not the user necessarily, but the having of such an instrument, is the determining factor. Additional light is thrown upon the meaning of these words by section 2188 of the Penal Law relating to suspended sentences. No suspension is allowed " (c) if the person is convicted of a felony committed while armed with a

weapon as provided in section nineteen hundred and forty-four."

The record in this case made at the time of imposing sentence proved conclusively that the defendant was armed with a dangerous weapon, a carving knife. Defendant's counsel admitted the facts as they appeared in the court's opinion on reversal. Counsel then read from the opinion the words which I have quoted above. The knife even was offered in evidence by the defendant's counsel, although excluded. The point was never made that Caruso did not have a knife or did not kill the doctor with the knife; the point raised was that seizing a bread knife was not being armed within the meaning of the statute. Of course, before a court can impose the additional sentence under section 1944, it must have before it on the record facts to sustain such action. There must be a record made which can be reviewed. If the case has been tried out the facts no doubt will appear upon which the jury find the verdict of guilt. Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied. The judge should then conduct an inquiry and take testimony, if necessary. Many circumstances affect the judgment of the court. Age is one (Penal Law, sec. 2185); sex is another (Penal Law, sec. 2187); previous conviction (Penal Law, sec. 2185) another. These matters do n t relate to the guilt of the prisoner but to the matter of punishment (place and time) and can be decided on a hearing before the judge. (*People* v. *Rosen*, 208 N. Y. 169, p. 175.) Neither is a jury trial required to determine these facts unless required by the Code of Criminal Procedure. (*People* v. *Gowasky*, 244 N. Y. 451; *Graham* v. *West Virginia*, 224 U. S. 616.)

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.