THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* ORAZIO PROCITO, Appellant.

(Argued February 27, 1933; decided April 11, 1933.)

*Caesar B. F. Barra* and *Ralph J. Barra* for appellant.
The trial court was required to state a definite term as
the increased punishment within the limits prescribed
therein, and to add the determined definite term of the

punishment prescribed for the crime of which the defendant stands convicted and to sentence defendant accordingly. (Penal Law, § 1944.)

*Thomas C. T. Crain*, District Attorney (*Philip A. Donahue* and *Felix C. Benvenga* of counsel), for respondent. The sentence was legal and proper. (*People* v. *Gutterson*, 244 N. Y. 243; Penal Law, § 21; *People ex rel. Hunt* v, *Lane*, 132 App. Div. 406; 196 N. Y. 520; *People* v. *Adams*. 176 N. Y. 351; 192 U. S. 585; *People ex rel. Cohen* v. *Rattigan*, 157 N. Y. Supp. 1003; 172 App. Div. 957; *City of New York* v. *N. Y. C. R. R. Co.*, 193 N. Y. 543; *Prouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *McCarthy* v. *Woolston*, 210 App. Div. 152; *People* v. *Caruso*, 249 N. Y. 302; *People* v. *Paradiso*, 248 N. Y. 123; *People* v. *Kevlon*, 221 App. Div. 224; *People* v. *Ingber*, 248 N. Y. 302.)

O'BRIEN, J. In the Court of General Sessions defendant pleaded guilty to the crime of robbery in the third degree. Never before had he been convicted of a crime punishable by imprisonment in a State prison but he was armed with a pistol at the time of the commission of this felony. The indeterminate sentence pronounced upon him for robbery in the third degree as a first offender was for a term of not less than five nor more than ten years. In imposing this sentence the judge applied section 2129 with section 2189 of the Penal Law. By reason of the fact that defendant was armed at the time of the commission of the crime of robbery, this punishment by an indeterminate sentence was increased by an additional indeterminate sentence of not less than five nor more than ten years. (Id. § 1944.) The total sentence pronounced against him, therefore, amounts to a term of not less than ten nor more than twenty years.

The pertinent provisions of section 1944 of the Penal

Law (as amd. by Laws 1931, ch. 791) are: " If any person while in the act of committing a felony * * * shall be armed with a pistol, * * * the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in state's prison for not less than five nor for more than ten years. * * * In no case shall any person punishable as above provided be put upon probation or have the execution of his sentence suspended, notwithstanding the provisions of section twenty-one hundred and eighty-eight, *for the increased term of his punishment imposed as above.*" The last part of this section must be read with section 2188 of the Penal Law which provides: " The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. Neither sentence, nor the execution thereof, shall be suspended, nor the defendant placed on probation * * * if the person is convicted of a felony committed while armed with a weapon as provided in section nineteen hundred and forty-four." Section 1944 deals with probation only as probation affects the increased term imposed for carrying a weapon and does not assume to regulate the subject of probation in relation to the punishment for the felony. Section 2188 is more comprehensive than the injunction included within section 1944. Neither section, however, forbids the parole of a prisoner after partial service of his sentence. The purpose of section 2188 is to render mandatory the execution of a prison sentence upon an armed felon. With the exception of the crimes enumerated therein, the judge may suspend sentence or suspend the execution of a sentence and then and there place the defendant on probation. The subject there involved is probation at the time of conviction of

the felony and not parole after partial service of a sentence. When section 1944 and section 2188 are read together the result is a prohibition, at the time of conviction, against suspension of sentence, suspension of the execution of the sentence and probation for the felony itself and a like prohibition against the suspension of the increased punishment for carrying a weapon or probation in respect to such increased punishment. The convicted defendant, who was armed, must in every instance receive a prison sentence for the felony plus an additional term for carrying the weapon. Neither of these sections prescribes a rule regulating the nature of the sentence, either fixed or indeterminate.

Defendant committed the felony of robbery; he carried a weapon while committing that crime. All agree that, as a first offender, he is entitled to the clemency bestowed upon every first offender by section 2189 of the Penal Law and that the punishment imposed upon him by an indeterminate sentence for the felony of robbery is authorized. Whether section 1944 intends the imposition of a fixed or an indeterminate number of years as the additional punishment for a first offender is the issue before us.

The Legislature has not expressly directed that the increased punishment shall be indeterminate. The inference that the legislative purpose was to add a fixed number of years to the maximum and the minimum of a sentence unspecified in length would not be unreasonable. Yet, when consideration is given to the fact that one who never previously had been convicted of a felony is intended to be favored by an indeterminate sentence, the inference that the purpose was to continue the extension of the favor and to assimilate the nature of the increased punishment with the punishment for the principal crime is probably more firmly grounded in reason. At least in those instances where the sentence must be indeterminate,

did not the Legislature intend that the duration of the increased punishment also should be unspecified? Although construction of the statutes applicable to the state of facts presented by this record has been variable in the trial courts, the prevailing practice seems to incline toward the interpretation given to them in the case at bar. It was adopted also by the trial judge in *People* v. *Caruso* (249 N. Y. 302, 304), and is warranted by the language of section 1944. Although the exact point was not necessarily before us in the *Caruso* case, because it was not expressly raised, our actual decision of affirmance and our opinion, in which the increased indeterminate punishment is mentioned without adverse comment, lends support to the custom.

The prevailing practice of the courts based upon this reasonable interpretation of the language of section 1944 of the Penal Law ought not to be disturbed. The judgment should therefore be affirmed.

POUND, Ch. J., CRANE, LEHMAN and CROUCH, JJ., concur; KELLOGG, J., dissents; HUBBS, J., not voting.

Judgment affirmed.