THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* RALPH KRENNEN, Appellant.

(Submitted March 16, 1934; decided March 23, 1934.)

*Lawrence Kovalsky* and *David Goldstein* for appellant. The sentence imposed was excessive. The maximum sentence that defendant could have received was an indeterminate sentence of five to ten years. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *Ford* v. *State,* 162 Ga. 422; *Belter* v. *State,* 178 Wis. 57; Penal Law, § 32; *People* v. *Wein,* 196 App. Div. 368.) The court had no power to go behind the judgment of conviction and pass unfavorably to the defendant on issues which had been decided in the defendant's favor by the plea of guilty and judgment of conviction thereon. (*People* v. *Bennett,* 182 App. Div. 871; 224 N. Y. 594; *People* v. *Caruso,* 249 N. Y. 302.)

*William Copeland Dodge,* District Attorney *(Irving Jay Tell* of counsel), for respondent. The sentence was legal and proper. *(People* v. *Kevlon,* 221 App. Div. 224; *People* v. *Paradiso,* 248 N. Y. 123; *People* v. *Caruso,* 249 N. Y. 302; *People* v. *Procito,* 261 N. Y. 376.)

POUND, Ch. J. Defendant was indicted for the crime of robbery in the *first* degree, which charged that he was armed with a loaded pistol.

He pleaded guilty of robbery *third* degree. Then, as appears by the clerk's minutes, " After taking testimony, the court adjudicates that the defendant was armed with a pistol during the commission of the crime."

Because defendant was armed with a pistol during the commission of the crime, five to ten years were added to his sentence, under Penal Law, section 1944.

The plea of guilty was of the same effect as a verdict of conviction by a jury. This amounted to a conviction of robbery while unarmed. (Penal Law, § 2128.)

On such a conviction the judge would consider the question of increased punishment before imposing sentence. The proper procedure is laid down in *People* v. *Caruso* (249 N. Y. 302, 305). " If in the act of committing *any* felony the defendant be armed with a dangerous weapon, his punishment is increased." " The convicted defendant, who was armed, *must* in every instance receive a prison sentence for the felony plus an additional term for carrying the weapon." *(People* v. *Procito,* 261 N. Y. 376, 379; *Matter of Dodd* v. *Martin,* 248 N. Y. 394.)

After plea, the judge should conduct an inquiry and take testimony, if necessary, before passing sentence.

On the trial of the indictment for robbery, first degree, the People would have to prove the fact that defendant was armed with a dangerous weapon in order to establish the offense charged, but on a verdict or plea of robbery, third degree, the judge makes the necessary inquiry to determine whether the increased punishment should be

inflicted. The fact that defendant was armed with a dangerous weapon during the commission of the crime is no part of the crime itself.

The judgment should be affirmed.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.