The People of the State of New York ex rel. Edward Schoen, Appellant, v. Thomas H. Murphy, as Warden of Clinton Prison, Dannemora, New York, Respondent.

Third Department, January 11, 1935.

*Edward Schoen*, appellant, in *pro per.*

*John J. Bennett, Jr., Attorney-General* [*Victor F. Boire, Assistant Attorney-General*, of counsel], for the respondent.

Hill, P. J. The order dismissing the writ should be reversed and the matter remitted to the County Court for proof concerning the assertion that on August 17, 1934, the New York State Parole Board granted the relator a parole on his indeterminate sentence of three and a half years minimum to ten years maximum for robbery in the second degree. The sentence of five to ten years additional for committing the crime while armed with a pistol is illegal for want of jurisdiction. " The fact that defendant was armed with a dangerous weapon during the commission of the crime is no part of the crime itself." (*People* v. *Krennen*, 264 N. Y. 108, 110.)

Defendant's plea of guilty to the crime of robbery in the second degree was not an admission that he was armed with a dangerous weapon during the commission of the crime, for this crime may be committed without the use of such a weapon. "After plea, the judge should conduct an inquiry and take testimony, if necessary, before passing sentence." (*People* v. *Krennen, supra,* 109.) The record here indicates that no inquiry by the taking of testimony or otherwise was conducted. The indorsement on the cover of the indictment, " and it appearing that each was armed at the time of the crime, said imprisonment is increased by State Prison not less than 5 years 0 months, nor more than 10 years 0 months for being so armed," gave no jurisdiction to pronounce the additional sentence. On habeas corpus the defendant has the right to show that the committing magistrate acted without authority, notwithstanding the commitment recites the necessary facts to give jurisdiction; no court or officer can acquire jurisdiction by the mere assertion of it. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 572.) Habeas corpus is a proper remedy. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Scharff* v. *Frost,* 198 id. 110.)

McNamee and Heffernan, JJ., concur; Crapser, J., dissents, with an opinion, in which Rhodes, J., concurs.

Crapser, J. (dissenting). The relator on May 12, 1932, having been indicted with four others charged with robbery in the first degree, was permitted to plead to robbery in the second degree.

The relator was sentenced to not less than three years and six months nor more than ten years for the crime of robbery in the second degree. The punishment was further increased, on the theory that he was armed with a pistol while engaged in the act of committing a crime, to not less than five nor more than ten years.

The relator claims that the additional punishment for the commission of a crime while armed under section 1944 of the Penal Law is unjustified on the ground that there is no proof before the court imposing the sentence that the relator was personally armed. The only record on this subject is contained in the court minutes, and is as follows: " Whereupon it is considered, ordered and adjudged by the Court, that the said Edward Schoen for the felony aforesaid whereof he is convicted as aforesaid, be imprisoned in the State Prison at hard labor for the term of not less than three years and six months, nor more than ten years for the crime of robbery in the second degree. And it appearing that the above named defendant was armed with a pistol while in the act of committing the crime whereof he is convicted, it is further

" Ordered and Adjudged that the imprisonment above directed be increased by imprisonment in State Prison at hard labor, for the term of not less than five years, nor more than ten years."

Before the court can impose an additional sentence upon the prisoner for being armed within the meaning of section 1944 of the Penal Law, a record must be before it to sustain its action which can be reviewed. If a plea is taken, the judge should conduct an inquiry and take testimony if necessary. (*People* v. *Caruso*, 249 N. Y. 302.)

" Section 1944 of the Penal Law, providing that if any person while committing or attempting to commit a felony shall be armed with a pistol or other dangerous weapon, his punishment shall be increased by specified additional terms of imprisonment, applies to the sentence of the particular offender and not to the nature of the crime. If one of two or more criminals has a dangerous weapon, the degree of the crime which all commit may be raised by reason of the weapon. (Penal Law, § 2124.) All acting together are guilty of the same crime, but when it comes to the punishment, only the one having the weapon is to get the additional sentence." (*People* v. *Paradiso*, 248 N. Y. 123.)

So far as the record before us is concerned, the defendant had been sentenced to a term of not less than three years and six months and not more than ten years. The court had jurisdiction and authority to impose this sentence.

There is contained in the appellant's brief a statement, but without any authority to substantiate it, that he had been granted a parole by the Parole Board in August, 1934.

So far as the record is concerned, it shows that the relator at the time the writ was dismissed was detained in custody upon said sentence and that the time for which he may legally be so detained has not expired.

The summary remedy of a writ of habeas corpus, which is open to every person detained in custody, that the legality of his detention may be inquired into, cannot perform the functions of an appeal from a judgment of conviction.

The court before which the prisoner is brought under the writ will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment the writ will be dismissed.

In *People ex rel. Danziger* v. *P. E. House of Mercy* (128 N. Y. 180) it was held that in habeas corpus proceedings the only inquiry is whether the magistrate " had authority to pronounce a judgment of imprisonment for the cause assigned " and that, " if this has been shown, the statute forbids the judge to review the decision

of such magistrate." (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *People ex rel. Scharff* v. *Frost*, 198 id. 110; *People ex rel. Hubert* v. *Kaiser*, 206 id. 46–55.)

If the record shows that the judgment is not merely erroneous, but such as could not under any circumstances, or upon any state of facts, have been pronounced, the applicant must be discharged. If the judgment is merely erroneous, the court having given a wrong judgment when it had jurisdiction, the party aggrieved can only have relief by writ of error, or other process of review; he cannot be relieved summarily by habeas corpus. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 570.)

The inquiry is necessarily in every case whether the process is void, and the officer or court having jurisdiction of the writ must pass upon it. If a process, good in form, issued upon a judgment of a court having jurisdiction, either general or limited, must in all cases be assumed to be valid until the judgment be reversed upon error, the remedy of a writ of habeas corpus will be of little value. (*People ex rel. Tweed* v. *Liscomb, supra.*)

In the present case the court had jurisdiction and it had authority to pronounce the sentence of not less than three years and six months nor more than ten years. The additional punishment of from five to ten years was void because the court failed to make any record which could be reviewed showing that the defendant was armed at the time of the commission of the felony, so as to permit it to impose the additional term.

Relief has to be by appeal; it cannot be by writ of habeas corpus. The order appealed from should be affirmed, *first*, because the court has not jurisdiction to grant the relief upon a writ of habeas corpus; *second*, because the record does not show that the relator's sentence of not less than three years and six months nor more than ten years, which was legal, has expired, and, therefore, so far as the record shows, the relator is properly confined.

RHODES, J., concurs.

Order dismissing writ reversed and matter remitted to Clinton County Court for proof concerning the assertion that on August 17, 1934, relator was granted a parole on his indeterminate sentence of three and one-half years minimum, ten years maximum, for robbery in the second degree; and if parole was granted that he be discharged.