The People of the State of New York, Respondent, v. John Sanacory, Appellant.— Order of the Supreme Court, Westchester county, entered August 27, 1935, granting the district attorney's motion to vacate the original sentence imposed April 1, 1932, and resentencing the defendant, affirmed, on authority of People v. Procito (261 N. Y. 376). Lazansky, P. J., Young and Adel, JJ., concur; Davis and Johnston, JJ., dissent and vote to reverse the order, to deny the motion and to confirm the original sentence as valid, with the following memorandum: Defendant, a first offender, was convicted of assault in the first degree, committed while armed with a dangerous weapon. On April 1, 1932, he was sentenced to a term the maximum of which was to be ten and the minimum of which was to be five years, and, pursuant to section 1944 of the Penal Law, he was sentenced for an additional term of five years for committing a felony while armed. The judgment was affirmed by this court (241 App. Div. 772), but the validity of the sentence was not raised. On February 4, 1935, defendant's imprisonment under the sentence for assault terminated by parole and on that day he commenced the service of the sentence for the additional five-year term. On August 27, 1935, upon motion of the district attorney, the court vacated the original sentence and resentenced defendant, imposing the same sentence for conviction of the felony and changing the sentence for committing the felony while armed from five years to five to ten years. The pertinent provisions of section 1944 of the Penal Law (as amd. by Laws of 1931, chap. 791) are: " If any person while in the act of committing a felony * * * shall be armed * * * the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in State's prison for not less than five nor for more than ten years." In our opinion the Legislature by this statute has directed that the increased punishment within the prescribed limits shall be for a fixed number of years. Therefore, the original sentence with the increased punishment of five years for committing the felony while armed was valid. People v. Procito (261 N. Y. 376), cited in the prevailing memorandum, is not to the contrary. There the court did not hold that the imposition of a fixed number of years as additional punishment for a first offender renders the sentence void. The court merely held that an additional indeterminate sentence may be imposed upon a defendant convicted of a felony where it is shown he was armed at the time he committed the felony. In arriving at this conclusion the court considered the fact that one who never previously had been convicted of a felony is intended to be favored by an indeterminate sentence. Obviously the defendant in the instant case was not favored but prejudiced when the court resentenced him to an indeterminate term, because his original sentence for the fixed term was the minimum that could be imposed. While the court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend it by reducing or increasing a sentence imposed, such power must be exercised at the term at which the judgment was pronounced. But where, as here, the original sentence was valid, the court was without power, after the

expiration of the term at which the judgment was pronounced and after the beginning of the service of the original sentence, to vacate or revise. (*Matter of Cedar*, 240 App. Div. 182; affd., 265 N. Y. 620, and cases cited.)