THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED ROMANO, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn State Prison, Respondent.

Submitted March 3, 1939; decided April 11, 1939.

*Harry A. Wertlieb* for appellant. By imposing upon appellant a separate sentence for allegedly being armed the court exceeded its authority. The separate term, having been inflicted without indictment, cannot stand. (Penal Law, § 41; Code Crim. Proc. §§ 4, 39, subd. 1.) The appellant could be sentenced for no crime except the one with which he was charged. (*State* v. *Watson*, 41 La. Ann. 598; *State* v. *Walker*, 22 La. Ann. 425; *Grossman* v. *Oakland*, 30 Ore. 478; *Fletcher* v. *State*, 12 Ark. 169; *Crow* v. *State*, 6 Tex. 334; *State* v. *Levy*, 119 Mo. 434; *Arbintrode* v. *State*, 67 Ind. 267; *People* v. *Fuchs*, 71 Misc. Rep. 69; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6; *People* v. *Krennen*, 264 N. Y. 108; *People* v. *Caruso*, 249 N. Y. 302.)

*John J. Bennett, Jr., Attorney-General* (*Patrick H. Clune* and *Edward T. Boyle* of counsel), for respondent. The sentence to additional punishment under section 1944 of the Penal Law was a lawful sentence. (*People* v. *Paradiso*, 248 N. Y. 123.) The relator is confined by virtue of a final judgment of a court of competent jurisdiction both of the crime and of the person. (*People ex rel. Schoen* v. *Murphy*, 243 App. Div. 216.)

CRANE, Ch. J. Appellant was convicted of the crime of assault in the second degree and was sentenced to a term of from two and one-half to five years for this offense and to a further term of from five to ten years for a violation of section 1944 of the Penal Law. This application for a writ of habeas corpus was made after petitioner had served his sentence for the assault offense, the term for which terminated November 18, 1937, and at the commencement of the term he is serving by reason of his sentence for the violation of section 1944 of the Penal Law.

An examination of the record fails to disclose what proceedings took place in the Richmond County Court as a basis for convicting and sentencing the petitioner for a violation of section 1944 of the Penal Law. From the face of the indictment it would appear that the prisoner pleaded guilty to second degree assault, but it does not recite that

he is charged with the offense of carrying firearms at the time of the commission of the crime. The notation that the prisoner was sentenced for a violation of section 1944 of the Penal Law must necessarily have been written on the indictment after the petitioner had been sentenced, and could not, therefore, have constituted advance notice to him that he was charged with the commission of this offense as distinguished from that of second degree assault to which he pleaded guilty.

There is nothing in the record to indicate whether or not an investigation was undertaken by the court to determine that the defendant was armed at the time of the assault, nor is there any testimony to attest to the propriety of the court's finding in this respect. The rights of defendants to review by an appellate court are frustrated if there be no accurate record upon which the court on appeal can predicate its decision. Uncertain inferences to be drawn from conflicting affidavits do not satisfy this requirement. In *People* v. *Caruso* (249 N. Y. 302) this court said, at page 306: " Of course, before a court can impose the additional sentence under section 1944, it must have before it on the record facts to sustain such action. There must be a record made which can be reviewed. If the case has been tried out the facts no doubt will appear upon which the jury find the verdict of guilt. Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied. The judge should then conduct an inquiry and take testimony, if necessary." (See, also, *People* v. *Krennen*, 264 N. Y. 108.)

The orders should be reversed, the writ sustained, and the relator discharged from custody. (See 280 N. Y. 707.)

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.