THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT CAVALSKI, Relator, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent.

Supreme Court, Erie County, September 16, 1940.

Relator in person.

*John J. Bennett, Jr., Attorney-General [James A. Noonan* of counsel], for the respondent.

HINKLEY, J. Relator was convicted on November 16, 1932, of an attempted extortion. The maximum penalty for a conviction of extortion in violation of subdivisions 1, 2, 3 or 4 of section 851 of the Penal Law is fifteen years. If the facts bring the case within subdivisions 5 or 6 of the section, then the maximum is twenty years. (Penal Law, § 852.)

The indictment contained no allegation bringing relator under the increased penalty provided for a violation of the fifth or sixth subdivisions of section 851 of the Penal Law. The maximum sentence under the language of the indictment for an attempt to commit extortion is seven and one-half years. (Penal Law, §§ 852, 261.) Relator was sentenced on April 20, 1933, to Elmira Reformatory, there to be dealt with according to law, without fixing any minimum or maximum term. He was seventeen years of age, had never before been convicted and, according to his counsel, insisted upon his innocence and refused to plead guilty to a misdemeanor. The trial judge at the time of sentence erroneously stated that he could " impose sentence up to seven and a half to fifteen years." Later the judge saw his error and said, " the Elmira Reformatory can keep you for fifteen years if you don't toe the mark — *at least seven and a half*." The judge at no time mentioned the maximum of ten years provided for an attempt to violate subdivisions 5 and 6 of section 851 of the Penal Law. Nor is there anything in the record to show that his conviction came within the language of either of those subdivisions of that section. The conclusion must follow that relator was convicted of an attempt to violate a subdivision of section 851 of the Penal Law, the maximum sentence of which is seven and one-half years. As no definite sentence was imposed by the judge and relator was taken from the Elmira Reformatory to a State prison, the relator came under the jurisdiction of the State Parole Board. (Correction Law, § 293.)

The jury's recommendation for leniency and the expressed desire of the court to deal leniently became ineffective upon relator's sentence to Elmira Reformatory. For the confinement of the relator rested with the reformatory authorities and the Parole Board up to but no farther than the maximum provided by law. (Correction Law, § 293.) Relator was transferred from Elmira Reformatory to a State prison and the Parole Board has fixed his time of release beyond the maximum provided by law. This is based upon the Parole Board's interpretation that the maximum is ten years. Such interpretation is illegal and improper. The jurisdiction of the Parole Board to continue the incarceration of a prisoner ceases at the expiration of the maximum fixed by statute for the crime of which he was convicted. The Board's authority is limited by the verdict, the sentence and the statute in this case to seven and one-half years. Upon the return of this writ, the court was requested to delay its decision pending the procuring of further records concerning defendant's conviction. Such records

as produced indicate that no finding was made by the trial judge that a weapon was used, and corroborate the other records to the effect that seven and one-half years is the maximum time of the relator's incarceration in prison.

The form of this decision is authorized by *People ex rel. Romano* v. *Brophy* (280 N. Y. 181; Id. 707). The writ is sustained and relator ordered discharged from custody immediately or at the expiration of seven and one-half years from the date of sentence, less time allowed provided by law unless sooner discharged by the proper State authorities. This court merely declares that the maximum term of relator's sentence is seven and one-half years.