THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN MARTIN, Defendant.

Court of General Sessions of County of New York, March 19, 1943.

*John Martin*, defendant in person.

*Robert Reynolds, Assistant District Attorney*, for plaintiff.

STREIT, J. This defendant has moved in person for an order to vacate, annul and dismiss a judgment imposed upon him by the late Judge ROSALSKY on June 24, 1929.

On May 27, 1929, four indictments were filed against this defendant, charging him with burglary in the third degree (indictment # 177456), feloniously possessing burglars' instruments, after having been convicted of a crime (indictment # 177457), feloniously carrying and possessing an explosive substance (indictment # 177471) and criminally carrying a pistol after conviction of a crime (indictment # 177472). All of those indictments arose out of the same set of facts and circumstances.

On June 17, 1929, the defendant was tried on the burglary charge (indictment # 177456), which alleged that he, together with one John Milton, alias John Bolz, committed the crime of burglary in the third degree on May 19, 1929, by breaking and entering into the building operated by the Watson McKenna Motor Company. The defendant was convicted of burglary in the third degree, as charged in that indictment.

Among the witnesses who testified on behalf of the People at the trial was Detective Walter Casey, who testified that he, together with Detectives Fyffe and Morrissey, had this defendant under observation and surveillance for approximately four hours, and finally apprehended this defendant and his accomplice as they were coming out of the burglarized premises at 5044 Broadway; that they searched them and found on the person of this defendant, as well as that of his accomplice, a complete set of burglars' tools, nitroglycerin, wire, fulminating caps, and gloves.

Another witness was Detective Morrissey, who testified that as the defendant got into his car, " we jumped out and said, ' Throw up your hands.' * * * I put handcuffs on both defendants * * *."

." Q. What did you find on the person of this defendant? A. I found a bottle of nitro-glycerine and a part of a cake of Kirkman's soap. * * * I went back into the premises and saw that the door of the safe had been blown off."

On June 24, 1929, the date of the sentence, and before sentence was imposed, the following took place in open court: By the Court:

" Q. Officer, when arresting these defendants, did you find any weapons on them? I mean fire-arms? A. We did. Q. On whom? A. A .38 Calibre Police Positive fully loaded was found on the defendant Martin, and a .32 calibre Harrington & Richardson, fully loaded, was found on the defendant Milton."

An information was then read to the defendant charging him with being a second felony offender. The defendant then admitted that he was the same person mentioned in the information.

The minutes at this point show: " Mr. Bachrach [counsel for the defendant]: I realize that under the *Caruso* case [249 N. Y. 302], your Honor, it is not required to empanel a jury on the question of a firearm. Under the *Paradiso* case [248 N. Y. 123], in the Court of Appeals, the possession of a firearm by one of two individuals — The Court: That is a different situation. Here the police claimed that each man had a revolver. Mr. Bachrach: I respectfully request the Court to submit that point to a jury. The Court: I shall deny the motion. Officer Walter Casey was then called as a witness. By the Court: Q. Officer Casey, did you find any revolver on Martin? A. Yes, sir. I found a fully loaded .38 calibre Colt Police Positive revolver. Q. And on the defendant Milton? A. I observed Detective Morrissey take a revolver from Milton's person. Q. Who took the revolver from Martin? A. I did. Q. And were both officers present? A. Yes, sir. Officer William Fyffe took the stand and testified as follows: By the Court: Q. State the circumstances under which the revolver was found on the persons of these defendants. A. Detective Morrissey searched Milton and Detective Casey searched Martin. Detective Casey took from Martin's pocket a .38 calibre fully loaded revolver and Detective Morrissey took from Milton a .32 calibre fully loaded revolver."

Following this, the court imposed the following sentence on the defendant Martin: "On your conviction of burglary in the third degree, the Court sentences you as a second offender to State Prison for the term of twenty years, and, under Section 1944, the Court is obliged to increase your punishment because you were armed with a revolver at the time of the commission of the crime."

On July 22, 1929, the defendant filed a notice of appeal with the Appellate Division, wherein the defendant appealed from the whole as well as from every part of the judgment of conviction. On the 8th day of November, 1929, this appeal was dismissed on motion of the District Attorney.

Thereafter, and on the 28th day of September, 1939, the defendant applied for a writ of habeas corpus to the Supreme Court of Wyoming County, which was denied on January 16, 1940.

The defendant now moves in person for an order to vacate, annul and dismiss the judgment imposed by Judge ROSALSKY, on the following grounds: *first,* that there was no basis for the imposition of the additional punishment pursuant to section 1944 of the Penal Law, and, *second,* that the defendant was entitled to a jury trial to determine whether he was in possession of a weapon within the meaning of section 1944.

The statute as it then existed (1929) provided in part that: " If any person while in the act of committing a felony  *  *  * shall be armed with a pistol or any of the weapons or instruments specified in sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven or eighteen hundred and ninety-seven-a, the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in state's prison for not less than five nor more than ten years. Upon a second conviction for a felony so committed such period of imprisonment shall be increased by not less than ten years nor more than fifteen years."

As was said in *People* v. *Caruso* (249 N. Y. 302, 306): " *  *  *  before a court can impose the additional sentence under section 1944, it must have before it on the record facts to sustain such action. There must be a record made which can be reviewed.  If the case has been tried out the facts no doubt will appear upon which the jury find the verdict of guilt.  Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied.  The judge should then conduct an inquiry and take testimony, if necessary."

Such a record may be established without a jury trial. The statute does not prescribe any single method to be followed in order that the court may be satisfied as to whether a pistol was in the possession of the defendant at the time the crime was committed. (*People* v. *Sandoval*, 262 App. Div. 288.)

The minutes of the trial show that the defendant was apprehended at the scene of the crime.

At the time of sentence, the court said: "I purposely instructed the District Attorney not to submit to the jury the question of the defendant Martin being possessed of a firearm for the reason that it might have prejudiced his rights."

As was said by Justice CONABLE, in denying the writ of habeas corpus: "It is proper to consider both the testimony taken by the Justice in the special examination which he conducted to see whether the relator was armed or not and the minutes which were taken on the trial. . Together they constitute a record which might have been reviewed upon appeal."

A complete record was made showing that this defendant was possessed of a firearm while in the act of committing the felony charged. The defendant, through his counsel, denied that he had such a firearm, did not question the officers or adduce or offer to adduce any testimony, but asked for a jury trial on the question of possession of the firearm, which was properly denied.

True, the defendant was charged under a separate indictment (#177472) with criminally carrying a pistol, but on recommendation of the District Attorney the defendant was discharged on his own recognizance as to that indictment.

I am therefore of the opinion that a record was made which could be reviewed, showing that the defendant was in possession of a firearm at the time of the commission of the crime, and that the defendant was not entitled to a jury trial to determine that fact, within the meaning of section 1944 of the Penal Law.

The motion is therefore in all respects denied.