THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS DENT, Relator, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

Supreme Court, Trial Term, Wyoming County, April 8, 1946.

*Thomas Dent,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Emil L. Cohen* of counsel), for defendant.

HINKLEY, J. Return of a writ of habeas corpus.

The relator questions the jurisdiction of the sentencing court. That court added to relator's sentence of fifteen to seventeen years for robbery, an additional sentence of five years for being armed.

Habeas corpus would seem to be the proper remedy. The contention is that the imposition of the additional sentence was without warrant of law and without the jurisdiction of the court. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46.)

At the time of the sentence on September 26, 1930, the increased punishment was mandatory in a proper case (Penal Law, § 1944; L. 1926, ch. 705, as amd. by L. 1927, ch. 342; *People* v. *Procito,* 261 N. Y. 376; *People* v. *Krennen,* 264 N. Y. 108, 109).

At the time of the plea, the court was required to conduct an inquiry and take testimony if necessary to determine the question as to the increased punishment (*People* v. *Caruso,* 249 N. Y. 302; *People* v. *Krennen, supra*).

No inquiry was conducted, nor was it claimed that relator admitted that he was armed. The record shows that relator pleaded guilty to the indictment which charges robbery first degree on two counts.

The ancient form of the indictment alleges that the basis for each count are the same acts and facts. If that were literally true, but one count was necessary. In fact, the two counts are materially different. The first count alleges that relator and his codefendant were each armed with a dangerous weapon, whilst the second count makes no mention of a dangerous weapon, but alleges that each defendant was aided by the other actually present. It is obvious that only one crime was committed and relator could not plead to two crimes, nor be convicted of two crimes. The charge is that relator stole $3.65 in money and one ring, value not given. The court erred in accepting a plea on both counts and sentencing on only one. The County Judge of Wyoming County, upon a previous writ, has found that the record is silent as to counsel, and that no counsel was assigned. The County Judge, held, however, that the uncorroborated statement of relator that he was not informed as to his right to counsel cannot weigh as against his laches of fifteen years in raising the question during which time other evidence has become unavailable. The courts have clearly held that if two or more persons are engaged in a robbery, only those who are actually armed can receive the additional punishment. (*People* v. *Paradiso,* 248 N. Y. 123.) Under the circumstances of this case, the contention that the relator by his plea admitted all the facts alleged in the indictment is without force. Relator was, according to the record or lack of record, without counsel. He was required to plead to the two counts of the indictment and there is no record as to which count his offense came under. He was equally guilty if armed or unarmed. He has already served fifteen years of a fifteen-to-seventeen-year sentence for actually taking $3.65 in money and a ring, value unknown. Under the circumstances, his plea was not an

admission that he was armed. (*People ex rel. Schoen* v. *Murphy,* 243 App. Div. 216.) The sentencing court was, according to the record, without jurisdiction or warrant of law to impose the additional punishment in the absence of an inquiry.

Relator ordered released at the termination of his original sentence of fifteen to seventeen years unless sooner paroled.