THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROSARIO PALMERI, Defendant.

County Court, Kings County, November 18, 1949.

*Rosario Palmeri,* defendant in person.

*Miles F. McDonald, District Attorney (David Diamond* of counsel), for plaintiff.

JOYCE, J. The petitioner (in personam) moves this court for an order vacating and setting aside a judgment of conviction rendered against him on the 17th of January, 1935, upon constitutional and statutory grounds. The judgment of sentence he attempts to attack is the result of a jury verdict finding him guilty of the crime of assault in the first degree.

This petitioner and another were indicted by the Grand Jury of this county for the crime of assault in the first degree. He was accused of assaulting one William Gallo in Kings County on September 20, 1934, by aiming and discharging a loaded pistol at him with intent to kill him.

Section 240 of the Penal Law defining assault in the first degree reads as follows:

" A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another:

" 1. Assaults another with a loaded fire arm, or any other deadly weapon, or by any other means or force likely to produce death; or,

" 2. Administers to or causes to be administered to or taken by another, poison, or any other destructive or noxious thing, so as to endanger the life of such other,

" Is guilty of assault in the first degree."

It will be noticed that this section is divided into two subdivisions. Subdivision 1 concerns this petitioner, as it was pursuant to the violation of this subdivision that he was indicted and convicted by the verdict of a jury. The sentence imposed for his conviction of assault in the first degree is provided in section 241 of the Penal Law and the court did impose the sentence of imprisonment in State prison, i.e., a minimum of four years to a maximum term of ten years. The additional five years to ten years was imposed pursuant to section 1944 of the Penal Law as it *was then on the statute books.* It is this additional term of imprisonment he claims is void and illegal. The pertinent and applicable part of this section reads as follows: " If any person while in the act of committing *a felony, or attempting to commit a felony,* or any person while in the act of committing a crime or attempting to commit a crime shall be an occupant of a stolen automobile or an automobile which has been used in the commission of a crime * * * or if any person while in the commission or attempted commission of *either* of such *acts* or in leaving the scene of a crime *shall be armed with a pistol or any of the weapons or instruments specified in sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven or eighteen hundred and ninety-seven-a,* the *punishment* elsewhere prescribed in this law for the felony of which he is convicted *shall be increased* by imprisonment in state's prison for not less than five nor more than ten years." (Italics mine.)

This petitioner was charged with a violation of subdivision 1 of section 240 of the Penal Law and he was so convicted. In my opinion it was clearly the intention of the Legislature when section 1944 was enacted to increase the punishment upon a conviction of any felony where a deadly weapon was used in its commission. In the case of *People* v. *Caruso* (249 N. Y. 302, 305) the court said:

" A person who has in his hand a dangerous weapon with which he makes an assault is certainly armed with a dangerous weapon. (Words & Phrases Judicially Defined, vol. 1, p. 496; *State* v. *Lynch*, 88 Me. 195.)

" We find the same words used with like meaning in defining ' Burglary in the first degree ' (Sec. 402) and ' Robbery in the first degree ' (Sec. 2124).

" Having fixed the penalty for burglary and robbery committed when armed with a dangerous weapon, it may be said that the Legislature did not intend to increase the penalty by reason of this element. But that we think is just what the Legislature intended to do. (*People* v. *Paradiso*, 248 N. Y. 123.) Burglary and robbery in the first degree may be committed in four or five different ways, but when committed while being armed with a dangerous weapon, the defendant must receive the additional punishment stated in section 1944. So if in the act of committing any felony the defendant be armed with a dangerous weapon, his punishment is increased. Not the user necessarily, but the having of such an instrument, is the determining factor."

In the case cited (*supra*) the court mentions that burglary and robbery may be committed in four or five different ways. Section 240 defines how assault in the first degree (a felony) may be committed. Applying the principle in *People* v. *Caruso* (*supra*) it logically follows that it was clearly the intention of the Legislature to increase the punishment to be imposed upon a conviction of assault in the first degree (a felony) if a dangerous weapon was used. In this case the defendant was charged with the crime of assault in the first degree and in its perpetration he aimed and discharged a loaded pistol at the complainant with the intention of killing him. The jury so found and the court imposed the additional punishment as provided in section 1944.

The petitioner's application for relief is ingenious, but the decisions in the cases (*stare decisis*) are not in his favor. Therefore, this court is without authority to grant the relief sought.

Motion denied.

Submit order and the District Attorney shall forward a copy of this decision and a copy of the order to the petitioner where he is now confined.