THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SMALL, Appellant, against FRANCIS C. SHAW, as Director of Dannemora State Hospital, Respondent.

Third Department, November 14, 1951.

*George Small,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondent.

BREWSTER, J.: In this habeas corpus proceeding relator attacks that part of the sentence and judgment under which he is imprisoned which imposed upon him an additional punishment of ten years' imprisonment under section 1944 of the Penal Law, for having been " armed " in the commission of the felony whereof he was convicted after trial by jury. His conviction in question was for an unlawful escape from State Prison at Auburn, N. Y., and the indictment therefor did not charge that he was " armed " during its commission. His contention is that not having been so charged the trial court was wholly without jurisdiction to have imposed the additional punishment. While we take the view that in this case the office of the writ survives

to determine the matter (*People ex rel. Romano* v. *Brophy,* 280 N. Y. 181), we find no merit in his contention. The act of being "armed" in the commission of a felony as specified in the statute (Penal Law, § 1944), in and of itself is no part of the felony and is not made a crime. (*People* v. *Krennen,* 264 N. Y. 108.) The statute constitutes it an aggravation of the committed felony which while not affecting its nature or grade, calls forth punishment in addition to that elsewhere prescribed for it. Whether or not the aggravating circumstance is charged in the indictment it must, of course, have a factual basis in proof and a reviewable record made thereof to authorize the infliction of the additional punishment. (*People* v. *Caruso,* 249 N. Y. 302, 306; *People ex rel. Romano* v. *Brophy, supra.*) In a case where the conviction is by a plea of guilty to a felony which is not charged as having been committed while "armed" as specified, the procedural rule has been declared that, "the judge makes the necessary inquiry to determine whether the increased punishment should be inflicted." (*People* v. *Krennen, supra,* p. 109.) Such necessary inquiry, requisite proof and record thereof, may be afforded in the testimony on the trial of the accused. That was the situation here as disclosed by the record. Relator has not shown that he is unlawfully held under the sentence and judgment he has attacked. The order should be affirmed.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Order affirmed.