█    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES M. BRYAN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal by relator from an order of the County Court of Clinton County entered June 7, 1957, which dismissed a writ of habeas corpus and remanded relator to prison after a hearing. On March 11, 1949, relator was found guilty after a jury trial in the County Court of Erie County, on all four counts of an indictment which charged him with burglary, first degree, on the first count (aided by an accomplice), and committing the same crime while armed with a dangerous weapon on the second count; the carrying and use of a dangerous weapon, and possession of a loaded revolver of a size capable of being concealed, on the other two counts. He was sentenced as a third felony offender to an indeterminate term of 30 years minimum to 60 years maximum on the burglary count, with an additional 5 to 10 years for committing said felony while armed. (Penal Law, § 1944.) Sentence was suspended on the other three counts. On May 1, 1956, relator appeared in court on a writ of error *coram nobis* for resentence as a first felony offender, the two prior convictions considered at the time of his sentence having been ruled insufficient in law. The prior sentence was revoked and relator was then sentenced to an indeterminate term of 10 to 30 years on the conviction for burglary, first degree (under the first count of the indictment), with an additional term of 5 to 10 years for committing the crime while armed. Sentence on the other three counts of the indictment was again suspended. Relator now contends

that regardless of evidence presented at his trial that he was armed at the time of the commission of the crime, and even though he was found guilty on all counts of the indictment and particularly on the second count thereof which charged him with being so armed while committing the same burglary, that "judgment" was only passed on the first count — burglary, first degree. And further, that suspension of sentence on the other three counts was "tantamount to acquittal" as to them, and that there was nothing before the sentencing court to justify the additional sentence of 5 to 10 years for being armed. Of course the suspension of sentence on these counts did not vacate or destroy the conviction. The jury verdict finding relator guilty on all four counts in the indictment necessarily found that he was armed at the time he committed the burglary charged in the first count of the indictment. Received in evidence on the relator's trial as an exhibit was his signed confession taken after his arrest, in which he admitted that he was armed. This evidence was before the sentencing court and was sufficient to justify the additional sentence. (*People ex rel. Noto* v. *Martin*, 271 App. Div. 808.) The act of being armed in the commission of a felony, as specified in section 1944 of the Penal Law, in and of itself is not part of a felony and is not made a crime, but is merely a circumstance calling for additional punishment. (*People ex rel. Small* v. *Shaw*, 279 App. Div. 59, motion for leave to appeal denied 303 N. Y. 1015.) The order is affirmed. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.