Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis. The record discloses that the defendant was indicted on June 6,1940, on eight counts, to Avit: (1) robbery in the first degree; (2) grand larceny in the first degree; (3) assault in the second degree; (4) assault in the second degree; (5) assault in the second degree; (6) assault in the first degree; (7) robbery in the first degree; and (8) criminally carrying a concealed weapon. Thereafter, on June 19, 1940 the defendant pleaded guilty before the late Judge James Garrett Wallace to the crime of robbery in the second degree. When he appeared for sentence on June 26, 1940, Judge Wallace held an inquiry, under section 1944 of the Penal Law, and adjudicated that the defendant was armed with a pistol during the commission of the crime, and thereupon sentenced the defendant to a term of not less than 12 years and 6 months nor more than 25 years in State prison “ of which term not less than five years nor more than ten years is imposed as increased punishment as provided in Section 1944 of Penal Law
On this application the defendant contends that since he pleaded guilty to the crime of robbery in the second degree, Avhich did not include the element of being armed Avith a dangerous Aveapon, it Avas error for Judge Wallace to have conducted the inquiry under section 1944 of the Penal Law and to *770 have sentenced the defendant to the additional punishment under section 1944 of the Penal Law. Therefore, the defendant contends, that he is entitled to a hearing on the question of whether such additional sentence should be "revoked and that he be resentenced on his plea of guilty.
The Court of Appeals in People v. Conklin (8 N Y 2d 937), a case essentially similar to the case at bar, granted an application to vacate the sentence and remitted the case to this court with directions to vacate the sentence and to resentence the defendant without the imposition of the additional sentence, citing People v. Griffin (7 N Y 2d 511).
In People v. Griffin (7 N Y 2d 511, supra) the Court of Appeals at page 515, said: ‘ ‘ If appellant had pleaded guilty to the crime charged in the indictment, or had been convicted after trial, it would have been proper for the court to have taken testimony to determine whether appellant was armed in order to determine the question of increased punishment (People v. Caruso, 249 N. Y. 302 ; People v. Krennen, supra). Here, however, appellant did not plead guilty to any count in this indictment. His plea was to a lesser crime which the court is authorized to accept on recommendation of the prosecuting officer (Code Crim. Pro., § 342-a). Section 334 defines the form of pleas to indictments. Hnless it sets forth a former conviction or acquittal the plea (with an exception pertinent here) must state that the defendant pleads that he is guilty or not guilty of the crime charged in the indictment. The exception relates to pleas to lesser'crimes. Where that occurs, the defendant does not admit the facts charged against him in the indictment. He pleads guilty to something else. Subdivision 2 of section 334 directs that ‘ If he plead guilty to any lesser crime than that charged in the indictment ’ the substance of his plea shall be that ‘ ‘ ‘ the defendant pleads guilty to the crime of ”— (naming it).’ Such a plea does not presuppose the truth of the facts pleaded in the indictment. Consequently it accomplishes nothing for the Judge to institute an inquiry concerning the facts alleged in the indictment, .since the defendant has pleaded guilty to another crime. His plea only admits the facts stated in the plea as constituting the lesser crime. This accused, pleading guilty to an attempt to cover both counts in the indictment, may be deemed to have referred to the time, place and intended victim described in the indictment, but otherwise the plea to an attempt assumes different circumstances. This was quite different from pleading guilty to the indictment and gave no warrant to the court to conduct an inquiry to ascertain whether the facts alleged in the indictment were true or whether, if the acts described in the indictment were committed, the person who did so was armed.”
*771 In the instant case the defendant pleaded guilty to robbery in the second degree, which crime is defined in section 2126 of the Penal Law as follows: “ robbery in second degree. Such unlawful taking or compulsion, when accomplished by force or fear, in a case specified in the foregoing sections of this article, but not under circumstances amounting to robbery in the first degree, is robbery in the second degree, when accomplished: (1) By the use of violence; or, (2) By putting the person robbed in fear of immediate injury to his person or that of someone in his company.” Since the crime of robbery in the second degree contains no element of a person being armed with a dangerous weapon while committing the said crime, the court was not justified in holding an inquiry under section 1944 of the Penal Law. The records in this case do not show that the defendant pleaded guilty to robbery in the second degree while being armed with a dangerous weapon.
Accordingly the motion is granted. The defendant is ordered to be returned from State prison to this court on June 29,1961, for a hearing and resentence.
The District Attorney is ordered to serve a copy of this decision and order to be entered hereon on the defendant at his present place of confinement.