Frank J. Kronenberg, J.
Application for writ of error coram nobis.
Defendant was sentenced in December, 1954 to Attica State Prison for an indeterminate term of not less than one day and not more than life pursuant to conviction of violation of section 483-a of the Penal Law (carnal abuse). He now contends that the sentence was illegal in that he is not receiving the psychiatric treatment contemplated by the one day to life sentence, and furthermore he contends section 2181 of the Penal Law prohibits him from being sentenced to Attica State Prison. Said section provides that upon a sentence for a term less than one year the imprisonment must be in a county jail or like local institution. Section 2183 of the Penal Law provides that State *428 prisons are for persons who are sentenced to imprisonment for more than one year. It is defendant’s argument that the relatively recent statutes authorizing one day to life sentences do not by implication modify sections 2181 and 2183. He points to section 2500 of the Penal Law which prohibits in substance implied repeal or amendment of any provision of the Penal Law by subsequent inconsistent statutes.
In 1950 various statutes were amended so as to permit certain sex offenders to receive sentences of one day to life provided that the court, aided by pre-sentence psychiatric examination of the defendant, felt that the defendant might respond favorably to psychiatric treatment. As stated by Governor Dewey, the rationale of these statutes was “ the realization that sex aberrations are symptoms of underlying emotional disorders.” (Public Papers of Governor Thomas E. Dewey, 1950, pp. 411-413.) In other words, the thought was that many sex offenders are ill rather than criminal and should be dealt with accordingly.
In this particular instance, the court felt that the defendant might well benefit by psychiatric treatment and .accordingly imposed the one day to life sentence, supposing that he would be paroled as soon as treatment cured his distressing disturbance.
The defendant testified that the facilities at Attica for psychiatric treatment are very meager. He stated that when he first entered the institution the staff psychiatrist took his pedigree and that was all that was done until almost two years passed, whereupon some attempt was made at group therapy. This consisted of a class of 10 men who met together for discussion for one hour per week while the psychiatrist listened to their conversation, although he did not participate, and took notes on what was said. Although he announced that he was willing to answer questions, few questions were forthcoming, and the usual subjects of conversation were sports, the weather, and the rules and regulations of the prison. Counsel for the defendant characterized these meetings as ‘ ‘ glorified talk fests. ’ ’ Defendant’s testimony was not contradicted or overcome in any way, and the court was impressed with his truthfulness and sincerity. It appears that other than the above, there has been no treatment of the defendant or diagnosis, nor apparently has there been any finding that he is incurable.
This court pretends to no profound knowledge of the principles of psychiatric procedure, but it must be evident to any layman that the State has made no serious effort to treat this inmate. If the answer be lack of funds, then the inmate should *429 not suffer therefor. The court feels that the defendant’s detention without substantial psychiatric treatment is unfair to him and not in accord with the beneficent intent of the statute under which he was sentenced. This court sentenced him in reliance upon the obvious intent and purpose of the statute.
However, the court cannot grant relief in this proceeding to the defendant since his application is for a writ of error coram nobis and nothing more. Such writ may be granted only for an error of fact occurring at the trial and which is outside the record. In the instant case, there were no such errors.
The court recommends that the defendant be forthwith transferred by the Department of Correction to an institution where he will receive proper psychiatric care. It is possible the court might be faced with an application by the defendant to vacate the sentence upon the ground that the court was in error when the sentence was imposed because the court assumed that the defendant would receive proper psychiatric treatment as called for by the statutes.
As previously noted, the defendant also contends that he could not legally be sentenced to Attica because his minimum term was less than one year. That contention the court overrules. The lucid opinion of Justice Brennan in People ex rel. Wilson v. Denno (145 N. Y. S. 2d 175) makes it clear that the intention of the Legislature was to permit such sentence as was here imposed.
Application for writ of error, coram nobis is denied. Submit order.