■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN PIATT, Appellant, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent. — Order unanimously reversed and matter remitted to Supreme Court, Cayuga County for further proceedings in accordance with the Memorandum. Memorandum: The only question presented to this court in the appellant's brief and in his argument is that the relator's detention under a sentence of one day to life is now illegal, since he no longer needs psychiatric treatment as a sexual deviate, and that he is now ready to resume his role in society. His sentence was based upon his plea of guilty to sodomy, first degree, in January, 1952. Other questions are raised in the petition and were presented most casually at the hearing, but it appears that the main point for us to decide is whether or not appellant should now be detained. At the hearing appellant took the position that he had been in Dannemora for 10½ years under psychiatric treatment, and that, including the time served since he was released from Dannemora, his total service was about 15 years — "and I feel I am capable enough of going back out on the street and being like a man." The question of whether he has had psychiatric care since he was transferred from Dannemora to Auburn State Prison was not fully developed, but the position taken in this court is that when he was discharged from Dannemora psychiatric care was no longer necessary. The Warden presented no evidence on this point. The court dismissed the writ of habeas corpus and remanded him to the Warden of the State Prison at Auburn. For some time we have been concerned with sentences of one day to life. *People ex rel. Kaganovitch* v. *Wilkins* (23 A D 2d 178, 183), presents a full discussion of our general thoughts concerning this type of sentence. There we stated: " Adequate psychological and psychiatric services are indispensable to the whole concept of ' one day to life' sentences and without them the ' one day ' is meaningless and the ' life ' may well be the end result." The matter should be remitted to the Supreme Court, Cayuga County, for a full and complete hearing dealing specifically with the extent of the psychological and psychiatric treatment given relator since his incarceration in the State Prison at Auburn. Relator should further be given a complete psychiatric examination by a duly qualified psychiatrist to determine whether it would be dangerous to release him and whether he is now capable of rejoining society on the outside. At the former hearing appellant's request for counsel was denied. Upon the rehearing counsel should be assigned to represent the appellant if requested by him, or if it appears, after advising him of his rights, that he desires such counsel. (Appeal from order of Cayuga Trial and Special Term dismissing writ of habeas corpus.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.