■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD LEE CHUMLEY, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Respondent.— Order unanimously reversed and matter remitted to Wyoming County Court for further proceedings in accordance with the Memorandum. Memorandum: Relator is serving a sentence of one day to life imposed pursuant to section 2189-a of the Penal Law. He has been imprisoned for nearly two years and in his petition alleges that the extent of his psychiatric treatment has been one interview by a psychiatrist who assigned him to a "group therapy class" that meets weekly for a period of one hour. After a brief hearing in this habeas corpus proceeding consisting of a short colloquy between the court and relator the petition was dismissed. In its memorandum the court stated that it was "not licensed to practice medicine and should not substitute its judgment

for the medical expertise of qualified doctors." This statement obviously missed the issue tendered by relator and ignored the writings on the subject by this and other courts (cf. *People* v. *Jackson,* 20 A D 2d 170, 21 A D 2d 843; *People ex rel. Kaganovitch* v. *Wilkins,* 23 A D 2d 178). Simultaneously herewith we are deciding *People ex rel. Piatt* v. *La Vallee,* 26 A D 2d 904, which discusses other aspects of the same problem. In the light of all this we conclude that it is too late in the exploration of this subject by the judicial branch of government for the tendered issue to be summarily brushed aside as it here was. There should be a full and complete hearing in depth at which appellant, if he so requests, should be represented by assigned counsel. The testimony of relator, if he so desires, should be placed in the record. The power of subpœna should be made available to him or his counsel so that appropriate employees of the prison may be examined as to the nature and extent of psychological or psychiatric treatment that is available in the prison and is given to relator and those similarly situated. Moreover, so-called "group therapy" should be explained. It has been elsewhere described as some kind of a social gathering of prisoners where sports, the weather and prison rules and regulations are discussed. (*People* v. *Higgins,* 10 Misc 2d 427, 428.) If this has some therapeutic value in the opinion of those in charge of the program, the court should have the benefit of such opinions. If it has value and is not a "stop-gap" expedient to silence complaints of prisoners, the court should direct its attention to relator's undisputed averment that denial of the privilege of attending these gatherings is used by prison authorities as a punitive measure for violation of rules. The ultimate issue to be decided, as we pointed out in *Kaganovitch* (*supra,* p. 183) is "whether it would be dangerous to release [relator] and whether he is now capable of rejoining society on the outside." If these questions are answered adversely to appellant the record should be sufficiently complete so that an informed judgment may be made as to whether the appropriate State agencies are giving these cases "prompt and intensive study, to be followed where feasible by therapeutic treatment, to the end that such offender[s] may be rehabilitated and released" (*People* v. *Jackson, supra,* p. 172) as hopefully envisioned 16 years ago by those whose study was the basis of the enactment of chapter 525 of the Laws of 1950 of which section 2189-a of the Penal Law is a part. (Cf. N. Y. Legis. Doc., 1950, No. 56.) (Appeal from order of Wyoming County Court dismissing writ of habeas corpus.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.