THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT THOMAS SMITH, Appellant, *v.* J. EDWIN LA VALLEE, as Warden of Auburn State Prison, Respondent.

Fourth Department, February 15, 1968.

*Charles W. Avery* for appellant.

*Louis J. Lefkowitz, Attorney-General (Robert A. Contiguglia, Ruth Kessler Toch* and *William S. Elder, Jr.,* of counsel), for respondent.

MARSH, J.   The relator was convicted of assault second degree with intent to commit the felony sodomy, and sentenced to one day to life on February 13, 1952.   Subsequently this court (*People* v. *Smith,* 22 A D 2d 333), reversed an order of Erie County Court denying defendant's application for a writ of error *coram nobis,* vacated the sentence imposed February 13, 1952 and ordered defendant remanded for resentencing.   On June 8, 1965 defendant was resentenced in Erie County Court to one day to life.

The judgment of resentence was affirmed without opinion by this court (*People* v. *Smith,* 25 A D 2d 618) and permission to appeal to the Court of Appeals was denied by DESMOND, Ch. J., in May, 1966.

In his petition relator asserts that the resentence of June 8, 1965 should be vacated for failure of compliance with section 2189-a of the Penal Law, that he has not been given, while serving his sentence, any therapeutic care or treatment or rehabilitation procedure of a psychiatric nature, and that the imposition of the one day to life sentence based on hearsay reports without giving him an opportunity to be heard or to confront witnesses, violated constitutional requirements of due process.

We do not agree with the Special Term Justice that relator's application should be denied for noncompliance with paragraphs 1 and 6 of subdivision (c) of CPLR 7002, or for the reason that this is a successive petition for a writ within the meaning of subdivision (b) of CPLR 7003. While it is true that a prior writ was dismissed after a hearing on February 8, 1966, the issue presented on such application was not similar to the issues presented here.

However, the appeal taken by the relator to this court from the judgment of resentence, resulting in affirmance with leave to appeal to the Court of Appeals denied, provided a full opportunity for review of the issue of compliance with section 2189-a at resentencing. (See *People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257.) No reason appears for affording an additional review of the resentencing procedures except as the issue of violation of constitutional requirements of due process is raised. Such issue is related to the failure of the sentencing court acting under the statutes of this State to afford the defendant an opportunity to be heard and confront witnesses before imposing the one day to life sentence and to the receipt by the court of hearsay evidence as a basis for such sentence.

The United States Supreme Court recently in *Specht* v. *Patterson* (386 U. S. 605) expressed agreement with the holding of the Court of Appeals of the Third Circuit in *United States ex rel. Gerchman* v. *Maroney* (355 F. 2d 302) relied on by the relator in his assertion of the unconstitutionality of the statutory provisions relating to one day to life sentences in New York.

From a review of the opinion it would appear clear that the court related its holding that the provisions of the Colorado statute were unconstitutional to the requirements of the Colorado statute that a finding of fact be made by a sentencing court in a separate proceeding as to whether a person convicted

of certain enumerated crimes constituted a threat of bodily harm to the public or is a habitual offender and mentally ill before a one day to life sentence could be imposed. No provision for a hearing preliminary to such a finding was made in the statute.

No requirement of such a finding in a separate proceeding is contained in the New York statutes as a condition for imposition of one day to life sentences. Such sentence is merely one of the alternative sentences provided in section 243 of the Penal Law for assault second degree. While section 2189-a of the Penal Law requires a psychiatric examination and written report in connection with certain crimes to assist the court in determining an appropriate sentence no requirement is made of any specific finding of fact as a prerequisite to any particular sentence. Thus the ruling in *Williams* v. *New York* (337 U. S. 241) that the due process clause of the Fourteenth Amendment does not require a Judge to have hearings and to give the convicted person an opportunity to participate in those hearings when he comes to determine a sentence to be imposed after consideration of investigational reports submitted to him, would appear applicable to our consideration of the pertinent New York statutes.

We conclude that the absence of any provision for a hearing prior to the imposition of a one day to life sentence under section 243 of the Penal Law is not violative of the due process clause of the Fourteenth Amendment.

As to relator's allegation that he has not been given any therapeutic care or treatment and that no rehabilitative procedures have been followed through his 15 years of incarceration, we would refer to the statement of this court in *People ex rel. Kaganovitch* v. *Wilkins* (23 A D 2d 178, 183): "Adequate psychological and psychiatric services are indispensable to the whole concept of 'one day to life' sentences and without them the 'one day' is meaningless and the 'life' may well be the end result."

In view of the allegations of the petition, which relator was not given an opportunity to support at an evidentiary hearing, the order appealed from should be reversed and the matter remitted to Supreme Court, Cayuga County, for a full hearing dealing with the extent of the psychological and psychiatric treatment given relator since the imposition of sentence on him June 8, 1965. Relator should further be given a complete psychiatric examination by two duly qualified psychiatrists to determine whether it would be dangerous to release him, and whether he is now capable of rejoining society on the out-

side. (See *People ex rel. Platt* v. *La Vallee,* 26 A D 2d 904; *People ex rel. Chumley* v. *Mancusi,* 26 A D 2d 905.)

. WILLIAMS, P. J., BASTOW, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed, application granted, and matter remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the opinion by MARSH, J.