THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, *v.* LOUIS HERBERT HUTCHINGS, Appellant-Respondent.

Third Department, November 27, 1974.

*Frank E. Bell* for appellant-respondent.

*Robert E. Jones, District Attorney,* for respondent-appellant.

HERLIHY, P. J.  The defendant, after trial, was convicted of the crime of rape, first degree, and following a psychiatric examination was sentenced for a term of from one day to life, which conviction was affirmed by this court (36 A D 2d 659), and thereafter permission to appeal to the Court of Appeals was denied.

Approximately three years subsequent to the sentence, the defendant moved to set aside the sentence as invalid as the defendant was not receiving the rehabilitation or psychiatric treatment, or both, as required by the statute.  The court set aside the sentence and directed a new sentence of 10 to 20 years. It is from this sentence that these cross appeals ensue.

The People contend that the original sentence was a proper legal one and that the court was without power to set it aside and impose a new sentence.  We agree.

The fact that such treatment and programming was not given the defendant has been before the court on prior occasions.  In *People ex rel. Popino* v. *Warden of N. Y. City Penitentiary* (31 A D 2d 788, 790) the concurring opinion said:  "We do not urge that extended imprisonment alone is remedial.  What does have a reforming effect is a sociological and not a legal question. By failing to give so much as a hint of what the criteria should be, the Legislature left the implementation of its program to the designated authorities.  *No power of interference or direction is given to the courts.*  Nor can their administration of the func-

tions assigned them be made the subject of indirect attack by releasing prisoners from their jurisdiction without the clearest showing that their procedure is not designed to produce the stated purpose of the act. The absence of a formal program of rehabilitation is not such a showing.'' (Emphasis supplied.)

This court has previously had before it an appeal from a resentence imposed as the result of the grant of a writ of habeas corpus where the defendant had been incarcerated for over 11 years on a one day to life sentence and had not received any remedial aid and where the one day to life sentence had again been imposed (*People* v. *Jackson*, 20 A D 2d 170). In that action the People did not raise any question as to the vacatur of the original sentence, probably because the new sentence imposed was the same as the original sentence. In a thorough and comprehensive discussion of the intent and purpose of the statute, this court in the *Jackson* case remitted for psychiatric examination and upon the completion thereof and when the report was before the court, we modified the judgment. (See *People* v. *Jackson, supra; People* v. *Jackson,* 21 A D 2d 843.)

It is established that when the original sentence was within the power and jurisdiction of the court, it has no power thereafter to treat the sentence as illegal and impose a new sentence. (See *Matter of Lyons* v. *Robinson,* 293 N. Y. 191; *People* v. *Thompson,* 251 N. Y. 428.)

We would further observe that since the resentencing herein was within three years of the original sentence a new psychiatric examination was not required.

In view of our position it is not necessary to consider the merits of the appeal of the defendant and it becomes academic.

The judgment should be modified by deleting therefrom the sentence of 10 to 20 years and reimposing the original sentence of one day to life, and, as so modified, affirmed.

STALEY, JR., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment modified, by deleting therefrom the sentence of 10 to 20 years and reimposing the original sentence of one day to life, and, as so modified, affirmed.