■ The People of the State of New York ex rel. Louis H. Hutchings, Respondent, v Harold J. Smith, as Superintendent of the Attica Correctional Facility, Appellant.—Judgment unanimously reversed and matter remitted to Wyoming County Court for further proceedings in accordance with the following memorandum: This appeal is from a grant of a writ of habeas corpus discharging relator from custody. On April 29, 1970 the Cortland County Court sentenced him to a prison term of one day to life after his conviction of rape in the first degree. Three years later, by a motion under CPL 440, he petitioned that court for resentencing on the ground that he was not receiving the psychiatric treatment contemplated under the day to life term. The court set aside the original sentence and resentenced relator to a term of 10 to 20 years (People v Hutchings, 74 Misc 2d 914). Cross appeals were then filed with the Third Department. On December 5, 1974 that department modified the judgment of resentence by reimposing the original one day to life term on the ground that "the original sentence was a proper legal one and that the court was without power to set it aside and impose a new sentence." (People v Hutchings, 46 AD2d 81, 82.) Although relator has appealed to the Court of Appeals, that appeal has not yet been perfected. This proceeding was brought by relator in the Wyoming County Court on December 28, 1974 challenging relator's continued incarceration under the day to life term in the absence of psychiatric treatment. On August 29, 1975 after a hearing before that court, the writ was granted and relator was ordered discharged from custody. Since relator only attacks the validity of his incarceration under the day to life term and not the validity of his conviction, we hold that the grant of the writ discharing him from custody was improper and the judgment is reversed. The relator is remanded to the Attica Correctional Facility and the matter of the propriety of the imprisonment is remitted to the Wyoming County Court for a new hearing to determine relator's amenability to psychiatric treatment, his capability of being benefited by confinement and the probability of danger to society if he is released. A complete psychiatric examination of relator by two duly qualified independent psychiatrists shall be made and submitted to the court for use upon the hearing. (See People ex rel. Smith v La Valle, 29 AD2d 248; People ex rel. Kaganovitch v Wilkins, 23 AD2d 178.) (Appeal from judgment of Wyoming County Court sustaining writ of habeas corpus.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of Leo Corey et al., Respondents, v New York State Liquor Authority et al., Appellants.—Judgment unanimously affirmed, with costs to petitioners-respondents, upon the opinion at Special Term, Mead, J. (Appeal from judgment of Supreme Court, Onondaga County, granting petition in article 78 proceeding to annul determination which granted license.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.