necessity for such control. Whether defendants failed to exercise due care in allowing their daughter to host the party under the circumstances of this case is a question of fact for the jury. A jury could reasonably conclude that it was foreseeable that someone would get drunk at the party, engage in a fight, and cause injury to a third party. Additionally, plaintiff has made out a prima facie case of negligence against the Lucases for failure to supervise their daughter as the result of their participation in and consent to their child's tortious conduct (see *Steinberg v Cauchois*, 249 App Div 518, 519). Further, plaintiff has alleged sufficient facts to show that Lori Lucas was the agent of her parents at the time plaintiff's injury occurred and, as such, owed plaintiff the same duty owed by her parents to prevent an unreasonable risk of bodily harm (see 3 NY Jur 2d, Agency, § 295, p 114). The record indicates that Mr. and Mrs. Lucas expressly placed Lori in control of the premises, authorized the party at their home, and gave a number of instructions to Lori with which she apparently complied. An infant has the capacity to act as an agent (Restatement, Agency 2d, § 21) and is responsible for her own torts, the applicable standard of care being that which " 'it is reasonable to expect of children of like age, intelligence and experience' " (Prosser, Torts [4th ed], § 32, p 155). The court did, however, act properly in instructing the jury regarding principles of comparative negligence pursuant to CPLR article 14-A and in denying plaintiff's motion to amend the complaint to conform to the proof pursuant to CPLR 3025 (subd [c]). To have permitted an amendment to the pleadings at the close of plaintiff's proof in order to allege an agency relationship between defendant Ruggero and the Lucas family would have unduly prejudiced defendants. Nevertheless, our ruling is without prejudice to renewal of the motion if plaintiff be so advised. Since the case must be remitted for a new trial, we need not address defendant Ruggero's argument that the jury verdict was excessive. We note only that punitive damages are not subject to apportionment. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J. — assault.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.

■ George Comeau, Appellant, v Frank Lucas et al., Respondents, and Michael Ruggero, Appellant-Respondent. (Appeal No. 2.) — Order and judgment unanimously reversed, without costs, and motion of defendants Lucas denied. Same memorandum as in *Comeau v Lucas*, (Appeal No. 1) (90 AD2d 674). (Appeals from order and judgment of Supreme Court, Monroe County, Provenzano, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.

■ Eleanore Finnerty et al., Appellants-Respondents, v Medical Liability Mutual Insurance Company, Respondent, and Diane Dreschler, Respondent-Appellant, et al., Defendants. (Appeal No. 2.) — Order unanimously affirmed, without costs, for reasons stated at Special Term, Kennedy, J. (Appeals from order of Supreme Court, Monroe County, Kennedy, J. — dismiss action.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.

■ The People of the State of New York, Respondent, v Lewis F. MacGregor, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. Same memorandum as in *People v MacGregor* (Appeal No. 2) (90 AD2d 675). (Appeal from judgment of Ontario County Court, Cribb, J. — resentence.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.

■ The People of the State of New York, Respondent, v Lewis F. MacGregor, Appellant. (Appeal No. 2.) — Order unanimously affirmed. Memorandum: In 1957 defendant pleaded guilty to two counts of carnal abuse