■ The People of the State of New York, Respondent, v Lewis F. MacGregor, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. Same memorandum as in *People v MacGregor* (Appeal No. 2) (90 AD2d 675). (Appeal from judgment of Ontario County Court, Cribb, J. — resentence.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.

■ The People of the State of New York, Respondent, v Lewis F. MacGregor, Appellant. (Appeal No. 2.) — Order unanimously affirmed. Memorandum: In 1957 defendant pleaded guilty to two counts of carnal abuse

of a child. As a predicate sex offender he was sentenced pursuant to sections 483-b and 2189-a of the former Penal Law to a term of one day to life. In 1969, after a hearing held as required by *People v Bailey* (21 NY2d 588), the court found that defendant was a danger to society and the sentence was reimposed. Following the decision in *Hollis v Smith* (571 F2d 685), holding that the standard of proof required for the imposition of the day-to-life term was "clear, unequivocal and convincing" evidence, defendant brought this proceeding pursuant to CPL 440.20 to vacate the 1969 sentence. County Court reviewed the record of the 1969 hearing at which three medical witnesses testified that defendant was dangerous, and held that the *Hollis* standard of proof was satisfied. We agree and thus find that the sentence was lawfully imposed (*People v Bailey, supra; People v Schaap,* 34 AD2d 57; see and compare *People v Kikendall,* 35 AD2d 1066; *People v Copp,* 35 AD2d 1065; *People v Bellows,* 33 AD2d 641). Defendant further argues, however, that the sentence should be vacated because "he is not now receiving, nor has he received, that type of treatment which would allow his release." In this connection he first asserts that it is cruel and inhuman punishment to imprison him beyond the maximum term otherwise imposable without affording him treatment contemplated by the alternative sentencing statutes. We recognize that imprisonment solely because of a condition is cruel and inhuman punishment (see *Robinson v California,* 370 US 660) but confinement of one who is a danger to himself or others is not (see *Specht v Patterson,* 386 US 605). Where it is clearly shown by professional evaluation that medical treatment of a dangerous sex offender incarcerated under the alternate sentencing plan will not be efficacious, he may be held for life "not because life imprisonment [is] believed a just punishment, but because no other reasonably safe alternative [can] be found" (*People v Jackson,* 20 AD2d 170, 172-173). Defendant also argues that he was denied equal protection of the law because he was not afforded a jury trial in 1969 on the issue of whether he was dangerous. At that time defendant had already served more than the maximum term of imprisonment which could otherwise have been imposed for the crimes of which he was convicted. Defendant equates his position with that of one who must be afforded a jury trial on the issue of his mental illness before he may be civilly committed. He cites no case holding that a sex offender is entitled to a jury trial in these circumstances, and we agree with the view expressed in *Hollis* that the presentence hearing is part of the sentencing procedure and a jury is not required (*Hollis v Smith,* 571 F2d 685, 692-694, *supra*). We thus conclude that the sentence imposed in 1969 was within the power and jurisdiction of the court and should not now be disturbed (see *People v Hutchings,* 46 AD2d 81, 83). Determination of whether and when defendant should be released is vested in the Board of Parole (*People v Bailey,* 21 NY2d 588, 594, *supra; People v Hunker,* 35 NY2d 870; *People v Schaap,* 34 AD2d 57, *supra*). Review of an adverse determination will be by writ of habeas corpus and, if the circumstances warrant a hearing, defendant will be entitled to litigate the issues as to the nature, quality and efficacy of defendant's rehabilitative treatment and the question of whether defendant is now dangerous to society (*People ex rel. Kaganovitch v Wilkins,* 23 AD2d 178; see, also, *People ex rel. Chumley v Mancusi,* 26 AD2d 905; *People ex rel. Piatt v La Vallee,* 26 AD2d 904). (Appeal from order of Ontario County Court, Cribb, J. — vacate conviction.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.