In the Matter of JOHN A. LYONS, as Commissioner of Correction of the State of New York, Appellant, against LESLIE F. ROBINSON, as County Judge of Erie County, Respondent.

ANTHONY MANGANO, Intervener, Respondent.

Argued May 18, 1944; decided July 19, 1944.

*Nathaniel L. Goldstein, Attorney-General (Wortley B. Paul and Orrin G. Judd of counsel), for appellant.* I. Even though a hearing on the question whether the defendant was armed was necessary as to the additional sentence, still the court had no power to revoke such part of the prior sentence as was imposed for the actual robbery. (*People* v. *Krennen,* 264 N. Y. 108; *People ex rel. Mummiani* v. *Lawes,* 258 App. Div. 643; *People* v. *Schectman,* 258 App. Div. 743; *Matter of Moore* v. *Thorn,* 245 App. Div. 180, 270 N. Y. 502; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 707; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441; *People ex rel. Trainor* v. *Baker,* 89 N. Y. 460; *People ex rel. Wormuth* v. *Daniels,* 169 Misc. 313.) II. The lower courts were in error in construing *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) as being authority for the County Court to interrupt the imprisonment which had begun in this case and also in holding that the sentence imposed for the robbery itself was illegal, even though the sentence for the additional term should be invalid. (*Matter of Dodd* v. *Martin,* 248 N. Y. 394; *Moore* v. *Thorn,* 245 App. Div. 180, 270 N. Y. 502; *People ex rel. Paris* v. *Hunt,* 201 App. Div. 573, 234 N. Y. 558; *People ex rel. Holton* v. *Hunt,* 217 App. Div. 428; *Matter of Cedar,* 240 App. Div. 182, 265 N. Y. 620; *People* v. *Elliot,* 140 Misc. 685; *United States* v. *Murray,* 275 U. S. 347; *United States* v. *LaShagway,* 95 F. 2d 200; *N. Y. ex rel. Whitman* v. *Wilson,* 318 U. S. 688; *People ex rel. Hager* v. *Hunt,* 261 App. Div. 1046; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *Matter of Gregory,* 219 U. S. 210.) III. Even though no hearing had been originally held on the question of defendant's being armed, the court had no power to revoke the existing sentence until the

inquiry had been held as we have shown. Since the inquiry showed the defendant to have been armed, the court never had any power to change the sentence in any manner. (*People* v. *Caruso,* 249 N. Y. 302; *People ex rel. Kammerer* v. *Brophy,* 255 App. Div. 821, 280 N. Y. 618; *People ex rel. Albanese* v. *Hunt,* 266 App. Div. 105, 292 N. Y. 528.)

*Christy A. Buscaglia* for intervener, respondent. I. The sentence imposed on April 2, 1937, was one sentence. It was not divisible or separable. Since it was illegal in part it was wholly illegal and it was in the court's power and its duty to revoke that sentence in its entirety. (*Hager* v. *Hunt,* 26 N. Y. S. 2d 573; *People* v. *Sandoval,* 28 N. Y. S. 2d 370; *People ex rel. White* v. *Department of Correction,* 259 App. Div. 792; *People ex rel. Temple* v. *Brophy,* 248 App. Div. 442; *People* v. *Paradiso,* 248 N. Y. 123.) II. The first sentence imposed was one sentence and was properly revoked because it was illegal. The second sentence imposed was therefore legal and proper and is the final judgment. III. The sentence imposed on April 2, 1937, was illegal, improper and void in its entirety because it was imposed in violation of the defendant's constitutional rights. (*People ex rel. Barone* v. *Fox,* 202 N. Y. 616; *People ex rel. Am. Ex. Nat. Bank* v. *Purdy,* 196 N. Y. 270; *People ex rel. Bridgeport Sav. Bank* v. *Feitner,* 191 N. Y. 88; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.,* 10 N. Y. S. 2d 114; *Stuart* v. *Palmer,* 74 N. Y. 183; *People* v. *Workhouse,* 163 N. Y. S. 910; *People* v. *St. Saviour's Sanitarium,* 56 N. Y. S. 431; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19.)

THACHER, J. On April 2, 1937, the intervener was sentenced in the County Court in Erie County to serve a term of not less than three and not more than ten years and an additional term of not less than five and not more than ten years upon a plea of guilty to robbery in the second degree. The additional term of from five to ten years was imposed pursuant to section 1944 of the Penal Law upon the assumption that the crime was committed by the defendant while armed.

On April 3, 1937, the intervener was received at Attica State Prison and commenced service of his sentence. On December 11, 1941, while serving his sentence, the intervener was delivered to

the custody of the Sheriff of Erie County on an order issued out of the Erie County Court directing that he be returned to the court for a hearing on the question of whether or not he was armed at the time of the commission of the crime. Such a hearing was held and testimony was taken. Thereupon it was determined that the intervener was in fact armed at the time of the commission of the crime for which he had been sentenced on April 2, 1937. Having so determined, the County Judge vacated the order of commitment made by him on April 2, 1937, and resentenced the intervener to an indeterminate term of from one year to one year and three months for the substantive crime of robbery in the second degree to which the intervener had pleaded guilty. In addition thereto he reimposed upon the intervener the term of from five years to ten years for having been armed at the time of the commission of the substantive crime. The intervener was then returned to Attica State Prison under an order of recommitment for service of the sentence imposed on December 15, 1941. Thereafter the Commissioner of Correction commenced this proceeding under article 78 of the Civil Practice Act for an order directing the County Judge to vacate the order of commitment dated December 15, 1941, and further directing him to reinstate the order of commitment dated April 2, 1937.

Feeling constrained to follow the decision in *People ex rel. Hager* v. *Hunt* (261 App. Div. 1046) the Justice at Special Term held that the sentence of April 2, 1937, was " wholly illegal ", and that accordingly on December 15, 1941, the intervener was for the first time legally sentenced. Denial of petitioner's motion followed, with unanimous affirmance in the Appellate Division.

Petitioner's contention is that the order of commitment dated December 15, 1941, vacating the former commitment of April 3, 1937, and changing the term of the original sentence for the substantive offense from an indeterminate term of from three to ten years to an indeterminate term of from one year to one year and three months, was unlawful. The original sentence for the substantive crime of not less than three years and not more than ten years it was argued was perfectly valid.

If at the time of the original sentence there was no hearing to determine whether the defendant was armed, the proper practice was to bring the intervener before the sentencing court so that that question could be determined upon a proper hearing.

(*People ex rel. Romano* v. *Brophy,* 280 N. Y. 181; *People* v. *Krennen,* 264 N. Y. 108; *People* v. *Caruso,* 249 N. Y. 302.)

We assume for the purpose of this decision that there was no hearing and proceed to a consideration of whether this procedural defect invalidated that part of the sentence which was in no way dependent upon whether the defendant was armed or not.

The validity of the additional or increased sentence authorized by section 1944 depends entirely upon the presence of particular circumstances specified in that section. Such circumstances are no part of the substantive offense but, being in aggravation thereof, upon their existence being shown the court must increase the sentence as required by section 1944. (*People* v. *Krennen, supra; People* v. *Caruso, supra.*) If the presence of such circumstances be not shown, the imposition of the additional term of years is of course invalid (*People ex rel. Romano* v. *Brophy,* 280 N. Y. 181 and 707), but it by no means follows that such invalidity in the additional sentence renders the sentence for the substantive offense invalid. The contrary rule is plainly indicated by our amended *remittitur* in the *Romano* case (*supra*). There the relator in a habeas corpus proceeding was convicted of assault in the second degree and sentenced for a term of from two and a half to five years for this offense and for a further term of from five to ten years, pursuant to section 1944. The record however failed to disclose facts sufficient to sustain the additional sentence under section 1944, and accordingly we directed that the order dismissing the writ " should be reversed, the writ sustained, and the relator discharged from custody." Thereafter, upon a motion to recall and amend the remittitur, the remittitur was amended by striking therefrom the words " and the relator discharged from custody " and by substituting the following: " and the relator to be discharged at the termination of his first sentence unless earlier discharged by the proper State authorities." We stated: " This court merely declares the increased sentence to have been illegal " (280 N. Y. 707). Thus it was held that the increased sentence under section 1944 for being armed when committing the substantive offense is severable from the sentence for the substantive offense and that the invalidity of the former does not impair the validity of the latter. In our deci-

sions we have often referred to the increased sentence provided by section 1944 as an additional sentence. (*People* v. *Caruso, supra; People* v. *Procito,* 261 N. Y. 376; *People ex rel. Romano* v. *Brophy, supra.*) Regarding the additional sentence as severable from the sentence for the substantive crime, we conclude that the sentence for the substantive crime was not illegal and that the County Court was without power to modify the sentence. The application to the County Court in this case was not an appeal to the inherent power of the court to set aside a judgment procured by fraud. *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) which was such a case, can have no application here.

Since the County Court found that the intervener was armed at the time he committed the offense, the original sentence, both with respect to the substantive offense and with respect to the additional term of imprisonment imposed pursuant to section 1944, was correct and should not have been disturbed because of the procedural defect which was corrected by the subsequent hearing.

Accordingly, the orders should be reversed, without costs, and the prayer of the petition granted.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; RIPPEY, J., taking no part.

Orders reversed, etc.