THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN DE FINI, Appellant.

First Department, February 4, 1964.

*Phylis Skloot* for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* This is an appeal from an order denying without a hearing a motion, in the nature of an application for a writ of error *coram nobis*, to vacate an additional sentence. The additional sentence was imposed, pursuant to section 1944 of the Penal Law, on defendant's plea of guilty to manslaughter in the first degree.

Section 1944 authorizes an additional sentence of not less than 5 or more than 10 years if a felony is committed while armed. The question is whether the additional sentence could be imposed after a plea of guilty to a felony when the defendant was not advised before pleading that it could be applied and the lesser crime to which he pleaded, or the plea, did not contain words such as " while armed " or " armed ".

It is concluded that the added sentence was invalid. Since this is a *coram nobis* proceeding, which in proper form is addressed to vacatur of the judgment, the entire sentence should be vacated and the defendant remanded for sentencing without application of section 1944.

Defendant, indicted for murder in the first degree (Penal Law, § 1044), had pleaded guilty to manslaughter in the first degree (Penal Law, § 1050) and possession of a dangerous weapon (Penal Law, § 1897). Before pleading he had answered " Yes, Your Honor " when the court inquired whether defendant shot the victim with a gun. Defendant was sentenced to a term of not less than three and one-half years and not more than seven years for each crime, the sentences to run concurrently. However, the court also increased the manslaughter sentence by adding a term of not less than five and not more than eight years, pursuant to section 1944 of the Penal Law.

In *People* v. *Griffin* (7 N Y 2d 511, 516) the Court of Appeals stated that a section 1944 additional sentence could be imposed when a defendant pleaded guilty to a charged felony and he was armed, but that an entirely different situation is presented when he pleads to a lesser degree of crime not charged in the indictment (*id.*, p. 515). Griffin had pleaded guilty to attempted assault in the second degree instead of the crime charged in the indictment, assault in the second degree. He was led to believe, it was successfully urged, that the punishment imposed would be less severe. The maximum punishment for the attempt was one-half that for the completed crime (see Penal Law, § 261, subd. 2). However, after accepting the plea, the County Judge conducted a hearing and determined that the defendant had been armed. An additional sentence was then imposed under section 1944, after which the combined sentences equalled only slightly less than the maximum sentence for assault in the second degree. The Court of Appeals granted *coram nobis* relief and remanded the appellant for resentencing " but without the imposition of the additional sentence under section 1944 of the Penal Law " (*id.*, p. 517).

The opinion indicates that the plea to the lesser crime not charged itself must contain the facts admitted. Thus, it states that when a defendant pleads guilty to a lesser crime not charged, " it accomplishes nothing for the Judge to institute an inquiry concerning the facts alleged in the indictment, since the defendant has pleaded guilty to another crime " (*id.*, p. 515) and section 1944 " cannot be applied where the defendant has been allowed to plead guilty to a different crime unless the fact of being armed is admitted by the plea " (*id.*, p. 516).

Contrary to the situation in the *Griffin* case, there was no need to utilize section 1944 since the combined sentence in this case of 8½ to 15 years was less than the limits of manslaughter in the first degree, 10 to 20 years (Penal Law, §§ 1051, 2189). No reason is suggested why the County Court utilized section 1944. Also, this case is somewhat different in that defendant admitted being armed before pleading guilty. However, he was not previously advised that section 1944 could be applied, or that the admission was to be used for that purpose.

In *People* v. *De Fazio* (16 A D 2d 817), a relevant but distinguishable case, defendant was indicted for murder in the second degree while armed with a knife. At trial, prior to summation, he withdrew his plea of not guilty. He admitted he was armed, was then advised by the court that an additional 5 to 10 years could be imposed under section 1944, and only then did he plead guilty to manslaughter in the first degree.

The Appellate Division upheld the additional section 1944 sentence. The case does not apply since De Fazio was apprised before he pleaded guilty that section 1944 could be invoked. Of course, the best practice is the one reflected in *People ex rel. Egitto* v. *La Vallee* (17 A D 2d 870) where the Appellate Division upheld the application of section 1944 where defendant pleaded guilty to '' robbery in the second degree, armed ''.

In considering whether the proper relief is to vacate the entire sentence or merely to eliminate the additional sentence, *Matter of Lyons* v. *Robinson* (293 N. Y. 191, 195–196) is relevant. There it was held that a section 1944 sentence which was void for procedural irregularity was severable and that the basic felony sentence could not be modified. The decision was rendered in an article 78 proceeding brought by the Commissioner of Correction to compel a County Judge to reinstate the unmodified sentence, which was higher. The Court of Appeals opinion expressly stated that the application was not for relief under the rationale of *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) which rested on fraud and not merely on a procedural irregularity.

On the other hand, in the *Griffin* case, where *coram nobis* relief was granted, the entire sentence was vacated and defendant was '' remanded for resentencing but without the imposition of the additional sentence under section 1944 of the Penal Law '', because under the circumstances the plea was misleading in that defendant '' was induced to plead guilty on the false assumption that the additional punishment would not be applied '' (7 N Y 2d 511, 517). Thus, this case falls within that category, namely, of finding misleading inducement merely from the form of the plea, rather than a mere procedural irregularity as in the *Robinson* case (*supra*). True, the misleading in this case may be of a very limited character since it does not go to the maximum sentence that could be imposed. However, it does go to whether the sentence could be imposed in two parts and, since no reason is given for utilizing section 1944, it may be that there was some understanding by defendant concerning the basic manslaughter sentence. But however one views it, a defendant is entitled to have his sentence correctly imposed in proper legal form as well as in permissible extent.

Accordingly, the order denying *coram nobis* relief should be reversed, on the law alone, the findings of fact having been affirmed, and the defendant-appellant remanded for resentencing, but without the imposition of the additional sentence under section 1944 of the Penal Law.

254

Breitel, J. P., Rabin, McNally, Stevens and Witmer, JJ., concur.

Order, entered on April 23, 1962, unanimously reversed, on the law alone, the findings of fact having been affirmed, and the defendant-appellant remanded for resentencing, but without the imposition of the additional sentence under section 1944 of the Penal Law.