In the Matter of Melvin MORRIS.

No. 45S00–9206–DI–446.

Supreme Court of Indiana.

Oct. 10, 1995.

No appearance, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

■ The Disciplinary Commission charged the respondent, Melvin Morris, with violating several provisions of Rule 8.4 of the *Rules of Professional Conduct for Attorneys at Law.* All charges arise from the respondent's federal criminal convictions for conspiracy to defraud the United States, mail fraud, and misappropriation of federal revenue sharing funds. The hearing officer appointed by this Court pursuant to Ind.Admission and Discipline Rule 23, Section 11 has tendered his findings of fact and conclusions of law, therein finding misconduct and recommending the respondent's disbarment. The respondent failed to appear at hearing of this matter and neither the Commission nor the respondent has sought review of the hearing officer's report. This Court is the final arbiter of misconduct and sanction in attorney disciplinary cases. *In re Huebner* (1990), Ind., 561 N.E.2d 492. Where the hearing officer's report is unchallenged, this Court will accept the findings contained therein while reserving the right to evaluate such findings and reach its own conclusion as to misconduct. *In re Fox* (1989), Ind., 547 N.E.2d 850.

■ The respondent's admittance to the Bar of this state on July 29, 1965, vests this Court with disciplinary jurisdiction of this action. There being no objection to the hearing officer's report, we now accept and ap-

prove the findings contained therein. On December 6, 1988, a federal grand jury issued an indictment charging the respondent, *inter alia*, with mail fraud, conspiracy to defraud the United States, and misappropriation of revenue sharing funds in connection with the sale of a nursing home in Lake County, Indiana. The respondent, who was at one time part-owner of a nursing home located in Lake County, was alleged to have misappropriated certain funds to bribe various officials to purchase the nursing home at an inflated price and to provide payment for unnecessary and non-existent services. On August 31, 1989, a jury found the respondent guilty of one count of conspiracy to defraud the United States, two counts of mail fraud, and one count of misappropriating revenue sharing funds. He was sentenced on January 5, 1990, to two five-year terms and one ten-year term of imprisonment, each to run consecutively, and a five-year period of probation. In addition, he was fined $110,000 and ordered to pay restitution of $1,050,000 to the United States and $535,065.72 to Lake County. His conviction was affirmed on March 18, 1992. *United States v. Morris* (1992), 7th Cir., 957 F.2d 1391, *cert. denied*, 506 U.S. 941, 113 S.Ct. 380, 121 L.Ed.2d 290.

 We now find that the respondent violated Ind.Professional Conduct Rule 8.4(b) by committing criminal acts that reflect adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects; that he violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation; and that he violated Prof.Cond.R. 8.4(d) by engaging in conduct that is prejudicial to the administration of justice.

Having found misconduct, it becomes our duty to assess an appropriate disciplinary sanction. The respondent's misconduct is egregious and intolerable. It reflects character flaws incompatible with the duties with which lawyers are entrusted. His actions conclusively demonstrate the absence of proper character and fitness necessary to serve the legal needs of others. For these reasons, we conclude he must be excluded from the privilege of practicing law.

It is, therefore, ordered that the respondent, Melvin Morris, is hereby disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

Costs of this proceeding are assessed against the respondent.