**In the matter of Clifton Bruce DAVIDSON, Jr., Respondent.**

No. 49S00–0401–DI–28.

Supreme Court of Indiana.

Aug. 31, 2004.

No appearance for the respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

Disciplinary Action.

PER CURIAM.

The Disciplinary Commission has charged the respondent, Clifton Bruce Davidson, Jr., with six counts of attorney misconduct. Specifically, the Commission alleges that clients hired the respondent to represent them in various matters for which he accepted retainers and/or filing fees. After taking his clients' money, the respondent took little or no action on his clients' behalves and failed to respond to their inquiries about their cases. Ultimately, the respondent abandoned his law practice. Today we find, as did the hearing officer, that the respondent violated the *Rules of Professional Conduct for Attorneys at Law* and for this misconduct should be disbarred.

This action began on March 17, 2004, when the Disciplinary Commission filed a *Verified Complaint for Disciplinary Action* pursuant to Ind. Admission and Discipline Rule 23(12). This Court appointed a hearing officer pursuant to Admis.Disc.R. 23(11)(b) to hear this matter. The respondent failed to appear or to answer the *Verified Complaint* and on May 23, 2004, the Commission filed an *Affidavit and Application for Judgment on the Complaint,* pursuant to Admis.Disc.R. 23(14)(c). Pursuant to that pleading, the hearing officer filed *Findings of Fact and Conclusions of Law* on May 26, 2004. The hearing officer's report is now before us for final resolution as the final arbiters of misconduct and sanction. *Matter of Morris,* 656 N.E.2d 257 (Ind.1995).

In related proceedings, on January 15, 2004, the Commission filed a *Verified Emergency Petition for Order of Interim Suspension* pursuant to Admis.Disc.R. 23(11.1) and a *Verified Petition to Show Cause Why the Respondent Should Not be Suspended for Failure to Cooperate with the Disciplinary Process.* This Court suspended the respondent on an interim emergency basis on March 26, 2004, and suspended the respondent on May 10, 2004 for his failure to cooperate with the disciplinary process. Both of these suspensions remain in effect.

The respondent's admission to this state's bar in 2001 confers disciplinary jurisdiction over this matter. Under Count 1 of the *Verified Compliant,* we now find that a client hired the respondent in July 2003 to file a discrimination suit against her employer and her union. Pursuant to a written attorney services contact, she paid the respondent $150 for the filing fee. The respondent neither filed suit nor responded to the client's numerous subsequent letters inquiring as to the status of the contemplated action. The client scheduled a meeting with the respondent at his office in November 2003, but the respondent cancelled the meeting.

Under Count 2, we find that in October 2003, a client hired the respondent to handle an employment discrimination matter. The client paid the respondent $800 towards a $1,500 retainer. The respondent did not file suit as requested by the client. Thereafter, the client was unable to contact the respondent, even to pay the balance of the retainer.

Under Count 3, we find that a client hired the respondent in July 2003 to handle a domestic relations matter. The client agreed to pay a $400 non-refundable retainer fee and $200 per hour for the respondent's services pursuant to a written fee agreement. The respondent filed a dissolution action on August 15, 2003. Thereafter, the client was unable to reach the respondent for information about his case and in January 2004, discovered the respondent had abandoned his law office.

Under Count 4, we find that in March 2003, a client hired the respondent to handle an employment claim against the United States Postal Service. The client paid the respondent a $2,000 non-refundable retainer fee. Afterwards, the respondent did not file suit on the client's behalf and did not communicate with the client about the status of the case. In December 2003, the client wrote to the respondent demanding a refund of his money, but the respondent failed to respond.

Under Count 5, we find that a client hired the respondent in September 2003 to handle a claim against a fellow employee and the client's employer. The client paid a $1,000 non-refundable retainer fee. After hiring the respondent, the client was unsuccessful in attempts to contact the respondent and the respondent did not communicate with the client.

Under Count 6, we find that in June of 2002, a client hired the respondent to pursue a wage claim against his employer. The respondent filed suit in September 2003. Court records indicate no further activity thereafter and reflect that a summons was never filed. In November 2003, the respondent notified the client that the employer would be sending a check to settle the wage claim. The respondent's representation that the claim was settled was false. The client did not receive a settlement check and the employer never paid any funds to settle the client's claim. The client has been unable to contact the respondent since his case was filed.

We find further that sometime during November of 2003 the respondent abandoned his law office without notifying his clients and without leaving contact information for his clients. On January 16, 2004, the Commission filed a verified petition pursuant to Admis.Disc.R. 23(27) seeking the appointment of an attorney to inventory the respondent's files and take such action as appropriate to protect the interests of the respondent and his clients. The respondent failed to appear or contest the proceedings and on January 23, 2004, the Marion Circuit Court appointed a Reviewing Master to take possession of and inventory the respondent's client files.

We find that, by his misconduct in Counts 1–6, the respondent violated Prof. Cond.R. 1.3 by failing to act with reasonable diligence in representing his clients; 1.4(a) by failing to keep his clients reasonably informed about the status on their cases and not responding to their reasonable requests for information; Prof. Cond.R. 1.4(b) by failing to explain matters to the extent reasonably necessary to permit his clients to make informed decisions regarding representation; Prof.Cond.R. 1.16(d) by terminating representation of his clients without taking steps reasonably practicable to protect his clients' interests; Prof.Cond.R. 8.4(b) by committing criminal acts, to wit: theft and/or conversion by receiving client funds for a filing fee and legal services and retaining the money without filing suit or performing legal services; and Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation.

■ Having found misconduct, we must now assess an appropriate sanction. In so doing, we examine the nature of the mis-

conduct, the actual or potential injury flowing from the misconduct, the respondent's state of mind, the duty of this Court to preserve the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession, and any mitigating or aggravating circumstances. *Matter of Drozda,* 653 N.E.2d 991(Ind.1995). The hearing officer recommended that the respondent be disbarred.

■ The respondent engaged in a serious pattern of neglect of his clients and eventually abandoned his practice altogether. In so doing, he converted clients' retainer fees and filing fees. Disbarment is appropriate in instances of knowing conversion of client funds where the client is harmed or where a lawyer engages in serious criminal conduct involving fraud or theft. American Bar Association *Standards for Imposing Lawyer Sanctions* 4.1, 4.61, 5.11. Disbarment has been imposed where lawyers serially neglected client matters and where lawyers engaged in patterns of deception and conversion of client funds. *See e.g. Matter of Jarrett,* 657 N.E.2d 106 (Ind.1995) (disbarment for pattern of dereliction of duty, abandonment of client's interests and blatant disregard of financial responsibilities), *Matter of Good,* 632 N.E.2d 719 (Ind.1994) (disbarment for conflict of interest, failure to preserve client's property, dishonesty, fraud and deceit), *Matter of Meacham,* 630 N.E.2d 564 (Ind.1994) (disbarment for continuing pattern of intentionally deceptive conduct designed to convert clients' money to attorney's own use), *Matter of Williams,* 764 N.E.2d 613 (Ind.2002) (six counts of client neglect, along with failure to cooperate with the Commission), *Matter of Radford,* 746 N.E.2d 977 (Ind.2001) (14 counts of neglect of client matters and willful deception of clients). The respondent in the present case absconded with his client's money, abandoned his practice without warning, and failed to respond to any of the subsequent disciplinary proceedings. For the protection of the public and to ensure the integrity of the bar, we find that the respondent's misconduct deserves the most severe punishment and that he should be disbarred.

It is, therefore, ordered that the respondent, Clifton Bruce Davidson, Jr., is hereby disbarred. The Clerk is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), and to the Hon. Robert W. Freese, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts of this state, and the clerks of the United States Bankruptcy Courts in this state with the last know address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

All Justices concur.