**Michael ASHBY & Randy O'Brien, Appellants–Plaintiffs,**

v.

**C. Bruce DAVIDSON, Jr., Appellee–Defendant.**

**The Bar Plan Mutual Insurance Company, Appellee–Intervenor/Cross/Counter–Claim Plaintiff,**

v.

**C. Bruce Davidson, Jr., Appellee–Defendant/Cross–Claim Defendant,**

**Randy O'Brien, Appellant–Plaintiff/Counter–Claim Defendant.**

**The Bar Plan Mutual Insurance Company, Appellee–Intervenor/Cross/Counter–Claim Plaintiff,**

v.

**Sheila (Dotson) Hurrigan, Appellant–Plaintiff/Third Party Defendant.[1]**

**No. 49A04–0910–CV–569.**

Court of Appeals of Indiana.

July 14, 2010.

---

1. The parties have used the caption *"Michael Ashby & Randy O'Brien v. Bruce Davidson"* on their briefs. However, a review of the pleadings filed in this matter reveals that the caption we use here is the caption used by the parties in the trial court modified somewhat to attempt to reflect their posture on appeal.

Caroline B. Briggs, John K. Morris, Lafayette, IN, Attorneys for Appellants.

Philip E. Kalamaros, Hunt Suedhoff Kalamaros LLP, St. Joseph, MI, Attorney for Appellee.[2]

## OPINION

KIRSCH, Judge.

Michael Ashby ("Ashby") and Randy O'Brien ("O'Brien"), collectively ("the Clients"), appeal from the trial court's order granting summary judgment in favor of The Bar Plan Mutual Insurance Company ("Bar Plan") in the Clients' legal malpractice action against the Bar Plan's insured, C. Bruce Davidson, Jr. ("David-

**2.** Although C. Bruce Davidson, Jr. is listed in the caption as an appellee, The Bar Plan Mutual Insurance Company is the only party filing an appellee's brief in this appeal.

son"). The dispositive issue presented in this appeal is whether the trial court erred by granting summary judgment in favor of Bar Plan.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Bar Plan issued a policy of insurance to Davidson for legal professional liability effective from March 20, 2003 to March 20, 2004 with an endorsement providing coverage for claims made from March 20, 2001 to March 20, 2003. Davidson abandoned his law practice without notice to his clients in November 2003 and later was disbarred by the Supreme Court for his pattern of neglect of his clients. *In re Davidson*, 814 N.E.2d 266 (Ind.2004). After abandoning his law practice, Davidson embarked on a multi-state crime spree involving numerous bank robberies in several states for which he is now incarcerated in the federal bureau of prisons.

Ashby and O'Brien separately filed complaints each alleging professional malpractice against Davidson. On January 30, 2006, Sheila Dotson Hurrigan[3] ("Hurrigan") filed a complaint against Davidson alleging a breach of a duty of care owed to her as her attorney resulting in the dismissal of the claim for which Davidson was retained to pursue. On November 21, 2007, the trial court approved the consolidation of the complaints filed by the Clients and Hurrigan against Davidson.

Bar Plan filed a motion seeking to intervene and for leave to file a declaratory judgment complaint on October 25, 2005. The trial court granted Bar Plan's requests and allowed Bar Plan to file a second amended cross/counter-claim com-

plaint for declaratory judgment on September 10, 2007. Bar Plan filed a motion for summary judgment on November 21, 2007, and the hearing on the motion was held on December 15, 2008. In its motion, Bar Plan argued that the following acts precluded recovery under its policy: 1) Davidson failed to notify Bar Plan of the claims or suits; 2) Davidson failed to assist or cooperate in the investigation of the claims; and 3) coverage is moot because there could be no recovery in the underlying suits. *Appellants' App.* at 480–86. Ultimately, the trial court granted Bar Plan's motion for summary judgment finding that this court's opinion in Paint *Shuttle, Inc. v. Continental Casualty Co.*, 733 N.E.2d 513 (Ind.Ct.App.2000) applied and was dispositive. The Clients now appeal. Additional facts will be supplied as needed.

### DISCUSSION AND DECISION

Our standard of review for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 330 (Ind.Ct.App.2006). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Pettigrew*, 851 N.E.2d at 330. Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* This standard of review does not change when there are cross-motions for summary judgment. *Liberty Mut. Fire Ins. Co. v. Beatty*, 870

---

**3.** Hurrigan's complaint was consolidated with the Clients' claims against Davidson by approval of the trial court. Hurrigan is not pursuing an appeal of the trial court's order and has not filed a brief. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

N.E.2d 546, 549 (Ind.Ct.App.2007). "The reviewing court must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Id.* Questions of law are reviewed under a *de novo* standard. *Id.*

The legal professional liability insurance policy issued by Bar Plan to Davidson provides in relevant part as follows:

I. DEFINITIONS

\* \* \*

B. "INSURED" means:

1. Any named Insured;

2. Any lawyer who is a former partner, member, officer, director, stockholder, associate, or employee of the Policyholder named in the Declarations of this Policy or the Policyholder's Predecessor Firm(s), but solely for acts or omissions while acting within a professional capacity providing Legal Services on behalf of the Policyholder or its Predecessor Firm(s);

3. Any lawyer who, during the Policy Period, first becomes associated with the Policyholder either as a partner, member, officer, director, stockholder, associate, or employee, but only for a period of not longer than sixty (60) days from the date the association begins and solely for acts or omissions while acting in a professional capacity on behalf of the Policyholder, all on condition that the Policyholder notify the Company within sixty (60) days of the date of the association. Upon receipt of an application, the Company may, at its discretion, provide prior acts coverage for the new lawyer;

4. The heirs, executors, administrators, beneficiaries, assigns, appointed legal representatives, guardians and conservators of an insured who is dead or incapacitated, and the trustee or estate of an insured in bankruptcy, but solely with respect to such liability of the Insured as is otherwise covered by this Policy; and

5. Any non-lawyer who was, is now, or hereinafter becomes an employee, leased employee or independent contractor of the Policyholder or Predecessor Firm(s), but solely for acts or omissions while acting within the scope of such person's duties as an employee, leased employee or independent contractor of the Policyholder.

\* \* \*

D. "CLAIM" means: Receipt by an Insured of a demand for money or services (including the service of suit or the institution of arbitration proceedings) against the Insured from one other than that Insured.

\* \* \*

VII. CLAIMS

A. NOTICE OF A CLAIM:

As a condition precedent to the coverage provided by this Policy, an Insured shall, within twenty (20) days of the date any Claim is first made against that Insured, give written notice of that Claim to the Company.

In the event suit is brought against an Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received directly or by the Insured's representatives.

*Appellant's App.* at 548, 559.

Bar Plan argues that even though it received actual written notice of the Clients' claims, there is no coverage under the policy because Davidson, the Insured, did not supply the written notice to Bar Plan and that Davidson did not receive a demand from the Clients within the policy period. Bar Plan contends that this

court's opinion in *Paint Shuttle* supports its position; however, we conclude that *Paint Shuttle* does not support Bar Plan's argument.

In *Paint Shuttle,* a law firm was sued for legal malpractice by former clients, and a monetary judgment against the firm was obtained by the former clients. 733 N.E.2d at 518. The law firm orally notified its professional liability carrier of the suit shortly after it was filed against them, but then voluntarily undertook the defense of the suit. *Id.* at 520. The law firm filed a declaratory judgment action against its professional liability carrier and the former clients for relief under the malpractice policy. *Id.* at 518. The law firm provided written notice at that time to its carrier about the malpractice suit. *Id.* at 518. The law firm's carrier filed a motion for summary judgment on the complaint that was granted by the trial court. *Id.* at 518. We held that the written notice provided nearly two years after the expiration of the policy was untimely. *Id.* at 520.

 "Notice is a term of art within the insurance context and sufficient notice by an insured to an insurer involves more than just promptly notifying an insurance company of a claim." *Id.* at 520–21. "[N]otice also encompasses an insurer's right to promptly investigate a claim or to control the defense of a lawsuit with which it might be subjected to liability as an insurer of an insurance policy." *Id.* at 521. We concluded that "for notice to be proper under an insurance policy it must be: (1) timely as proscribed by the language of the insurance policy; and (2) 'true' in the sense that the insured allows the insurer to exercise its rights of investigation and defense of a claim under the policy." *Id.* Furthermore, when the facts of the case are not in dispute, what constitutes proper notice is a question of law for the court to

decide. *Shelter Mut. Ins. Co. v. Barron,* 615 N.E.2d 503, 507 (Ind.Ct.App.1993).

Bar Plan compares the policy it issued to Davidson to the policy in *Paint Shuttle,* as a "claims made" policy. As we noted in *Paint Shuttle:*

> Conventional liability insurance policies are "occurrence" policies. "Occurrence" policies link coverage to the date of the tort rather than of the suit. Thus, "occurrence" policies protect the policyholder from liability for any act done while the policy is in effect. A "claims made" policy links coverage to the claim and notice rather than the injury. Thus, a "claims made" policy protects the holder only against claims made during the life of the policy. Both an "occurrence" and "claims made" insurance policies require the insured to promptly notify the insurer of the possible covered losses. The notice provision of a "claims made" policy is not simply the part of the insured's duty to cooperate, it defines the limits of the insurer's obligation. If the insured does not give notice within the contractually required time period, there is simply no coverage under the policy.

733 N.E.2d at 522 (internal footnotes and citations omitted). While the two policies may be "claims made" professional liability policies, the similarity to *Paint Shuttle* ends there.

Here, by the terms of the policy, Davidson was the person required to provide written notice to Bar Plan but was running from the law as a result of the multi-state crime spree he had commenced upon abandoning his law practice. For the same reason, Davidson was unavailable to receive demands from the Clients within the policy period. The Clients themselves provided actual notice of their claims against Davidson to Bar Plan within the policy period. Consequently, Bar Plan received actual written notice of the claims

within the policy period. In *Paint Shuttle*, the insurer did not receive written notice until two years after the expiration of the policy and after the insureds had voluntarily attempted to defend the claims against them.

██ An insurance policy is a contract between the insurer and the insured. *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind.1985). "It is axiomatic that courts of equity will only order specific performance when the contract is capable of being performed." *UFG, LLC v. Southwest Corp.*, 848 N.E.2d 353, 361 (Ind.Ct. App.2006). Although we decide the notice issue in the context of summary judgment and not equity, we observe that under the facts of this case, notice provided by Davidson to Bar Plan was an impossibility. Further, Bar Plan received notice that was both "timely" and "true" as those terms are set out in *Paint Shuttle*. Bar Plan has been able to investigate and defend the Clients' claims against the insured after receiving prompt, actual written notice of the claims. It seems to us that the purpose behind the notice provision at issue here has more to do with the ability of the carrier to investigate and defend against claims in a timely manner than with the ability of a carrier to deny coverage because actual notice was supplied by the wrong individual, *i.e.*, "gotcha." We decide as a matter of law that the actual notice Bar Plan received from the Clients was proper.

We reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

RILEY, J., and FRIEDLANDER, J., concur.